UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| In re AQUA DOTS PRODUCTS LIABILITY LITIGATION | ) MDL No. 1940<br>) Case Number 1:08-cv-02364<br>) Honorable David H. Coar |
| This Document Relates To:<br><br>ALL ACTIONS. | )<br>)<br>)<br>)<br>) |

REPORT OF PARTIES' PLANNING CONFERENCE

Pursuant to the Court's May 5, 2008 Order, the parties, by and through their respective counsel of record, met and conferred on May 13, 2008 pursuant to Rule 26(f) to discuss:

1. the nature and basis of their claims and defenses;

2. the possibilities for a prompt settlement or resolution of this case;

3. to make or arrange for the disclosures required under Rule 26(a)(1); and

4. to develop a discovery plan.

To that end, the parties submit this report reflecting the matters on which they agree and expressing their respective views concerning the issues on which they disagree.[1]

## I. Steps to Simplify the Issues in This Case

The parties do not have any suggestions for how to simplify the issues in this case at this time. Suggestions may be made as the case develops.

## II. Modifications to the Discovery Requirements of the Federal Rules of Civil Procedure or Local Rules

Except as otherwise provided in this Order, the Federal Rules of Civil Procedure, the Local Rules, and the Court's Standing Order shall apply in these proceedings. However, the parties believe the discovery provisions in this Report and the proposals set forth in the concurrently filed Parties' Joint Submission on Scheduling, obviates any applicable specifications on timing and sequencing of discovery set forth in Fed. R. Civ. P. 26(d).

The parties anticipate that some discovery limitations, including the number of interrogatories and depositions, may need to be extended and will attempt to work together to agree to any such extensions if and when the need arises. The parties also anticipate the need may arise to

---

[1] Unless otherwise noted, Defendants means Spin Master, Inc., Spin Master, Ltd. (collectively "Spin Master"), Moose Enterprise Pty Ltd. ("Moose") and Target Corporation ("Target").

seek leave of the page limitations set forth in Section 4(a) of this Court's Standing Order on Motion Practice, Briefs and Protective Orders in Civil Cases. The parties will seek leave as required.

## III. Anticipated Subjects for Discovery

On January 30, 2008, Plaintiffs served Defendant Spin Master with their First Request for Production of Documents, First Set of Interrogatories, and First Set of Requests to Admit. Plaintiffs anticipate needing discovery relating to: the defective nature of the Aqua Dot products, and the health risks caused thereby; Defendants' knowledge of the component chemicals used in the production of the Aqua Dots products; the supply chain relating to the manufacture, sale and distribution of the Aqua Dots products; the design of the Aqua Dots products; changes related to the manufacture, design, advertisement, sale and/or distribution of Aqua Dots products during the relevant time period; Defendants' quality control and testing protocols concerning the Aqua Dot products; sales figures for the Aqua Dots products; financial records of Defendants related to sales and profits of the Aqua Dots products; Defendants' actions in relation to the recall of the Aqua Dots products, including but not limited to when Defendants learned of the problems associated with the Aqua Dots products, Defendants' communications to the U.S. Consumer Product Safety Commission, and the nature and scope of Defendants' communications with consumers about the recall program; and Defendants' representations concerning the safety and age appropriateness of the Aqua Dot products.

Defendants believe that discovery will revolve around the named Plaintiffs and the circumstances surrounding their purchase of the Aqua Dots and any actions they took after receiving notice of the product recall, and that the topics listed by Plaintiffs are mostly irrelevant to any legitimate claim in this lawsuit. On April 30, 2008, Defendant Spin Master sent its first set of interrogatories and first set of requests for the production of documents to Plaintiffs.

**IV.     Whether Discovery Should Be Conducted in Phases**

At this time the parties do not believe conducting discovery in phases is appropriate.

**V.      Whether Discovery Is Likely to Be Contentious and Management Should Be Referred to the Magistrate Judge**

At this stage, the parties are hopeful that discovery will not be contentious, although disputes may reasonably arise.  The parties have no objection if the Court believes referral of discovery in this matter to a magistrate is appropriate.

**VI.     Whether the Parties Consent to This Matter Being Referred to the Magistrate Judge for Final Disposition**

The parties do not consent to this matter being referred to a magistrate for final disposition.

**VII.    Whether the Parties Have Discussed the Possibility of Alternative Dispute Resolution**

The parties have discussed the possibility of alternative dispute resolution and concluded that it is not feasible at this time.

**VIII.   Whether the Parties Have Discussed Prompt Settlement or Resolution of This Matter**

The parties have discussed a prompt settlement or other resolution of this matter.  Plaintiffs' counsel discussed possible measures of classwide relief and requested information from Defendant in order to attempt to formulate a settlement proposal.  Settlement has not advanced past these discussions.

**IX.     Additional Methods of Expediting the Resolution of This Matter**

The parties have not determined any additional methods of expediting the resolution of this matter.

**X.      ADDITIONAL RULE 26(f) REQUIREMENTS**

The parties make the following submissions with respect to the additional matters contemplated by Rule 26(f)(3):

1.      Rule 26(f)(3)(C): On May 13, 2008, Plaintiffs sent Defendants their proposal for an electronic discovery protocol. The parties will attempt to reach agreement upon such a protocol.

2.      Rule 26(f)(3)(D): The parties do not believe there are any unusual issues relating to privilege or protection or trial-preparation materials. The parties have agreed upon and concurrently submit to the Court a Protective Order that will apply to confidential information in documents or otherwise produced in discovery.

DATED: May 15, 2008

BARNOW AND ASSOCIATES, P.C.
BEN BARNOW

s/ Ben Barnow
BEN BARNOW

One North LaSalle Street, Suite 4600
Chicago, IL 60602
Telephone: (312) 621-2000
Facsimile: (312) 641-5504

COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
JOHN J. STOIA, JR.
RACHEL L. JENSEN
THOMAS J. O'REARDON II

s/ John J. Stoia, Jr.
JOHN J. STOIA, JR.

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

KAPLAN FOX & KILSHEIMER LLP
FREDRIC S. FOX

              s/ Fredric S. Fox
_____
         FREDRIC S. FOX

850 Third Avenue, 14th Floor
New York, New York 10022
Telephone: 212/687-1980
212/687-7714 (fax)

FINKELSTEIN THOMPSON LLP
BURTON H. FINKELSTEIN

            s/ Burton H. Finkelstein
_____
      BURTON H. FINKELSTEIN

1050 30th Street, NW
Washington, D.C. 20007
Telephone: 202/337-8000
202/337-8090 (fax)

Plaintiffs' Interim Co-Lead Class Counsel

WINSTON & STRAWN LLP
RONALD Y. ROTHSTEIN
THOMAS J. WIEGAND
BRYNA J. DAHLIN

              s/ Thomas J. Wiegand
_____
        THOMAS J. WIEGAND

35 West Wacker Drive
Chicago, Illinois 60601
Telephone: 312/558-5600
312/558-5700 (fax)

Attorneys for SPIN MASTER LTD., SPIN
MASTER, INC. and TARGET CORPORATION

- 5 -

- 6 -

DAVID A. CLINTON
CLINTON & CLINTON

_s/ David A. Clinton_
DAVID A. CLINTON

100 Oceangate, 14th Floor
Long Beach, CA 90802
Telephone:  562/216-5000
562/216-5001(fax)

Attorneys for MOOSE ENTERPRISE PTY. LTD