**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| IN RE AQUA DOTS PRODUCTS LIABILITY LITIGATION | Case No. 1:07-cv-6387 |
| --- | --- |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | MDL Docket No. 1940<br>The Honorable David H. Coar |

**MOTION FOR ENTRY OF**
**STIPULATED PROTECTIVE ORDER**

Plaintiffs, by and through counsel, respectfully move this Honorable Court, pursuant to Fed. R. Civ. P. 26(c), for entry of the Stipulated Protective Order limiting the use and disposition of the information and documents produced in the course of discovery in this action. The discovery likely to be sought in this action may contain sensitive information of a non-public nature that would not generally be available to the public, including documents that may reflect non-public personal and medical information of individuals, as well as documents that may contain proprietary business information protected under Fed. R. Civ. P. 26. As a result, the parties have jointly agreed to the attached Stipulated Protective Order, and request that the Court enter it in this case.

Date: May 16, 2008

Respectfully Submitted,

____/s/ Ben Barnow___________

One of Interim Co-Lead Class Counsel

Ben Barnow
BARNOW AND ASSOCIATES, P.C.
One North LaSalle Street, Suite 4600
Chicago, IL 60602
Telephone: (312) 621-2000
Facsimile: (312) 641-5504

John J. Stoia, Jr.
COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, California 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

Fredric S. Fox
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, New York 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714

Burton H. Finkelstein
FINKELSTEIN THOMPSON LLP
1050 30th Street, NW
Washington, D.C. 20007
Telephone: (202) 337-8000
Facsimile: (202) 337-8090

**CERTIFICATE OF SERVICE**

I, Ben Barnow, one of the attorneys for Plaintiff, hereby certify that I filed the above Plaintiffs' Motion for Entry of Stipulated Protective Order with the Court's ECF system and by doing so served a copy on all of the parties, and shall comply with local rules as to serving all non-ECF users.

/s/_Ben Barnow____________________

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AQUA DOTS PRODUCTS LIABILITY LITIGATION | Case No. 1:08-cv-02364 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | MDL Docket No. 1940<br>The Honorable David H. Coar |

**STIPULATED PROTECTIVE ORDER**

All Plaintiffs (collectively, "Plaintiffs") and Defendants[1] in this multidistrict litigation proceeding (the "Proceeding") believe that there is good cause to enter into this stipulated protective order because documents containing confidential information will be produced. These documents may contain sensitive information of a non-public nature that would not generally be available to the public, including documents that may reflect non-public personal and medical information of individuals, as well as documents that may contain proprietary business information protected under Fed. R. Civ. P. 26.

1. The provisions of this Stipulated Protective Order shall govern the use and handling of all documents (hardcopy, electronic format or otherwise), testimony, written responses to discovery and all other information in whatever form produced or given by any party or third party in this action which is designated under the terms of this Stipulated Protective Order. This Stipulated Protective Order shall apply to the following categories of documents and information produced in this Proceeding (collectively "Confidential Information"): (a) trade secrets or proprietary, non-public commercial information protected by applicable law; or (b)

[1] "Defendants" collectively refers to Spin Master Ltd.; Spin Master, Inc.; Moose Enterprises; and Target Corporation.

individual consumer financial and medical records. Such documents or information are to be designated by marking them as "CONFIDENTIAL." No document or information may be designated as CONFIDENTIAL except by outside counsel for a party upon a good faith determination that the marking is proper. For purposes of this Stipulated Protective Order the term "document" shall be given its broadest possible construction to include all written, recorded or graphic matter whatsoever, and all copies (identical or non-identical) thereof contemplated by Federal Rule of Civil Procedure, Rules 26 and 34.

2.  CONFIDENTIAL documents or information shall only be used for purposes of this Proceeding, including any case remanded from this MDL Proceeding, and for no other purpose whatsoever except as otherwise permitted by this Stipulated Protective Order or required by law, and may be disclosed only to the following persons:

   a. The parties to this Proceeding and their counsel of record, including in-house counsel, who are actively engaged in the conduct of this litigation, and the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation;

   b. Experts or consultants (including their employees, associates and/or support staff) retained by a party in this Proceeding;

   c. Interviewees and potential witnesses that counsel for a party to a case in this Proceeding in good faith determines needs to have access to Confidential Information in order for counsel to effectively prosecute or defend the litigation;

   d. Deponents, trial or hearing witnesses as provided below;

   e. Deposition court reporters and videographers as provided below;

   f. The Court and its personnel, including Special Masters;

   g. Mediators;

   h. Officers and Directors of a Defendant;

   i. Third-party contractors involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or

    designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions;

  j. Any person whom Plaintiffs' and defense counsel agree, in writing, can be provided such information; and

  k. Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

  3. CONFIDENTIAL documents and information shall not be disclosed to any person referred to in paragraphs 2(b), 2(c), 2(d), 2(e), 2(h), 2(i), 2(j), and 2(k) above unless and until such person has agreed in writing, by executing Exhibit "A" hereto, or orally on the record of a deposition or trial transcript, to be bound by the terms and conditions of this Stipulated Protective Order. Counsel disclosing any CONFIDENTIAL documents or information to the persons described in paragraphs 2(b), 2(c), 2(d), 2(e), 2(h), 2(i), 2(j), and 2(k) shall be responsible for retaining copies of documents evidencing any such agreements to be bound by the terms of this Stipulated Protective Order. Deposition, trial or hearing witnesses (paragraph 2(d)) who fall into one of the other paragraph 2 categories and have previously executed Exhibit "A" hereto or orally agreed on the record to be bound by the terms and conditions, need not do so again during the proceeding at issue. Execution of Exhibit "A" does not trigger a duty to disclose the executing person's identity.

  4. The requesting party and each person to whom CONFIDENTIAL documents or information is disclosed shall exercise, in maintaining the confidentiality of any CONFIDENTIAL documents or information, at least as high a degree of care and diligence as the requesting party would normally exercise with regard to proprietary information which it maintains as secret and confidential, which degree of care and diligence shall not be less than that which a reasonable person would exercise in maintaining the confidentiality of proprietary

information of great value. The attorneys of record are responsible for employing reasonable measures, consistent with this Stipulated Protective Order, to control duplication of, access to, and distribution of copies of CONFIDENTIAL documents or information. Parties shall not duplicate any CONFIDENTIAL documents or information except working copies and for filing in court under seal.

5. Depositions. Subject to the provisions of paragraph 3 above, any party in this Proceeding may utilize CONFIDENTIAL documents or information in the course of a deposition provided that the deponent is furnished a copy of this Stipulated Protective Order before examination on any such CONFIDENTIAL documents or information and provided that the deponent agrees on the record, under oath, to be bound by the terms of this Stipulated Protective Order. If the deponent is unwilling to so agree, then counsel for the parties shall meet and confer and endeavor in good faith to determine how best to proceed in the manner most likely to prevent unauthorized disclosure of CONFIDENTIAL documents or information consistent with the legitimate ends of accomplishing the intended discovery.

6. Any party may designate the portion of a deposition transcript (including exhibits) that contains CONFIDENTIAL documents or information with a statement to such effect on the record in the course of the deposition. If no party designates the portion of the transcript and exhibits as containing CONFIDENTIAL documents or information during the course of the deposition, counsel for a party shall be permitted in good faith to designate by page and line reference those portions of the transcript and exhibits containing CONFIDENTIAL documents or information as confidential within thirty (30) days following receipt of the transcript of such deposition, provided that said party requested a copy of the transcript within ten (10) days of notification of its existence. Until such time lapses without any designation having been made,

all parties shall treat the deposition transcript as confidential under this Stipulated Protective Order.  If a transcript or a portion of a transcript containing CONFIDENTIAL documents or information is filed with the Court, it shall be filed under seal and shall bear the "CONFIDENTIAL" stamp as described above.  Upon designation of a transcript as CONFIDENTIAL, all portions of the transcript referring to said Confidential Information shall be separately bound, taped and given "CONFIDENTIAL" markings and shall be subject to the terms of this Stipulated Protective Order.  The court reporter shall separately transcribe testimony so designated and shall stamp or mark the face of the transcript accordingly.  The transcript of the non-CONFIDENTIAL portion shall indicate that testimony disclosing CONFIDENTIAL documents or information ensues and that such testimony is separately transcribed.  Both the non-confidential and confidential transcripts shall use a single set of continuous page numbers so that the continuity of the deposition transcript pagination is maintained.  If any given transcript contains so many repeated references to CONFIDENTIAL documents or information that they cannot practicably be segregated from other material, then the entire transcript shall be marked "CONFIDENTIAL" and shall be protected under the terms of this Stipulated Protective Order.  Any portion of a videotaped recording of a deposition discussing or disclosing CONFIDENTIAL documents or information shall be viewed only by those persons authorized under this Stipulated Protective Order to have access to said material.

      7. The parties are ordered to retain copies of all documents containing confidential information which are provided in discovery under the protective order.  Documents containing CONFIDENTIAL documents or information shall NOT be filed with the Clerk of Court.  Any CONFIDENTIAL documents or information that is filed with the Court, and any pleadings, motions, or other papers filed with the Court containing such information, shall be filed or

attempted to be filed in a sealed envelope accompanied by a request that the Court file and maintain the information under seal pursuant to LR 26.2. The sealed envelope shall bear the caption of the case, case number, the title of the motion or response to which the submitted confidential information pertains, and the name and telephone number of counsel submitting the documents. The producing party shall maintain the original documents intact for any further review. A redacted copy of the pleading shall be filed with the Clerk of Court for the record. In filing such materials with the Court as set forth above, counsel shall, where practicable, file under seal only those specific portions of briefs, motions or other filings that contain CONFIDENTIAL documents or information. A party's administrative request pursuant to LR 26.2 that a document designated CONFIDENTIAL be filed under seal shall not constitute a waiver of that party's right to challenge the propriety of that document's designation as CONFIDENTIAL.

8.  Nothing in this Stipulated Protective Order shall prevent any party from using or disclosing its own CONFIDENTIAL documents or information. If a party discloses its own CONFIDENTIAL documents or information in the course of this Proceeding with the intent to waive the protections afforded by this Stipulated Protective Order, then this Stipulated Protective Order shall not apply to that document or information. This provision does not apply to the inadvertent disclosure of a party's own CONFIDENTIAL documents or information.

9.  The receiving party of any inadvertent disclosure of CONFIDENTIAL documents or information without the "CONFIDENTIAL" designation on them shall, upon written request by the designating party, treat such information as CONFIDENTIAL in accordance with this Stipulated Protective Order. Upon receipt of such written notice, the receiving party of such previously undesignated material shall make all reasonable efforts under the circumstances to:

(1) retrieve all such material disclosed to persons other than those so authorized pursuant to this Stipulated Protective Order; (2) affix appropriate markings to such material; and (3) prevent further use or disclosure of the information contained in the previously undesignated material by or to persons other than those so authorized by this Stipulated Protective Order to do so.

      10.    Any interested person or member of the general public may challenge a designation that a document is CONFIDENTIAL by filing and serving on all counsel for the parties to this litigation a written motion which states, among other things: (1) the person's interest in the document; and (2) the reasons which form the basis of the challenge.

      11.    If any party to the Proceeding believes that designated CONFIDENTIAL documents or information should not be subject to this Stipulated Protective Order said party may provide written notification to the other party.  The notice shall clearly specify the designated information and the reason(s) for the belief that the designated information is not properly subject to this Stipulated Protective Order.  The party giving such notice shall not bring a motion seeking an order of this Court that the designated CONFIDENTIAL documents or information are not properly subject to this Stipulated Protective Order for ten (10) days following placement of such notice by the objecting party in the U.S. mail, or five (5) court days following the faxing of a copy of such notice to the other party.  Thereafter, the party contending the information is not subject to this Stipulated Protective Order may bring a motion seeking an order of this Court that the designated CONFIDENTIAL documents or information should be undesignated and the designating party shall have the burden of showing that said materials are properly subject to this Stipulated Protective Order, if such a motion is brought, the designated CONFIDENTIAL documents or information shall remain subject to this Stipulated Protective

Order until the Court makes its determination. Any hearing on such motion may be heard *in camera* by the Court.

12.     This Stipulated Protective Order shall survive the termination of this Proceeding, and shall continue in full force and effect thereafter. Documents containing CONFIDENTIAL documents or information shall upon request of the producing party be returned to the requesting party or destroyed, each at the expense of the requesting party, within sixty (60) days after a court order finally terminating this Proceeding or the case therein to which the CONFIDENTIAL documents or information relates, whichever is later. Upon request, each party's counsel shall provide Defendants with a declaration certifying that all documents required to be returned pursuant to the provisions of this paragraph have been returned or destroyed. Notwithstanding this provision, counsel for the person or party who received documents in the litigation are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain CONFIDENTIAL documents or information. Any such archival copies that contain or constitute CONFIDENTIAL documents or information remain subject to this Stipulated Protective Order.

13.     If a subpoena or other legal process seeking the production of CONFIDENTIAL documents or information (collectively, "Process") is served on any person bound by this Stipulated Protective Order, then the recipient of said Process shall promptly provide written notice thereof to the designating party and all parties in this Proceeding, sufficiently prior to the deadline for compliance with the Process to provide such party adequate time to seek judicial relief. Whoever asserts the confidentiality of the information in question shall have the burden of defending against said Process. Except in the case of an order requiring immediate production of the requested information, neither party shall disclose the other party's CONFIDENTIAL

documents or information without giving the other party an opportunity to seek from this Court an order governing disclosure of the requested information; however, nothing in this Stipulated Protective Order shall restrict the party receiving the Process from complying with it, except to the extent that the Process is modified judicially or otherwise.

14. The remedies provided by this Stipulated Protective Order are intended to be cumulative and in addition to any party's right to seek further or different protection from the Court for any document or information deemed to be confidential. The producing party shall be entitled to all remedies existing under law and equity in the event of any unauthorized disclosure of any CONFIDENTIAL documents or information, or any other breach of this Stipulated Protective Order, by either the requesting party or any person to whom the requesting party has disclosed any CONFIDENTIAL documents or information.

15. The entry of this Stipulated Protective Order shall not be construed as a waiver of any claim of privilege or any other objection which may be asserted during the course of this litigation (including any appeal), or to require production of any document deemed to be confidential. Entering into, agreeing to, or otherwise complying with the terms of this Stipulated Protective Order, including producing or receiving Confidential Information: (a) shall not prejudice in any way the rights of a party to object to any discovery request seeking production of information it considers not subject to discovery; (b) shall not prejudice in any way the rights of a party to seek a determination by this Court that any requested discovery be made; (c) shall not be an admission by any party of any fact, issue or contention in this or any other proceeding; (d) shall not be construed to affect the admissibility of any document, material or information at any trial or hearing.

16. No party receiving documents or materials designated as CONFIDENTIAL shall have an obligation to object to the designation at the time the designation is made or at any time thereafter. No party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

17. Any request for confidentiality, closure or sealing of any hearing or trial must be made to the judge then presiding.

18. In the event that any part of this Stipulated Protective Order, as proposed to the Court for entry, is not entered in full and without any modification that would render any of the procedures set forth herein unable to be implemented, then the parties agree that all other procedures provided herein that are not so modified or stricken will still be binding upon all signatories to this Stipulated Protective Order. In such event, the parties further agree to make all reasonable efforts to protect against the unauthorized disclosure of CONFIDENTIAL documents or information consistent with the version of this Stipulated Protective Order that was presented to the Court for entry and that they will enter into good faith negotiations to create a new proposed stipulated order that will satisfy the Court. In the event that such efforts are unsuccessful or unacceptable to the Court, then all CONFIDENTIAL documents and information shall be returned to the producing party within 30 days, pending exhaustion of appellate remedies.

19. This Stipulated Protective Order shall apply to all parties and counsel that presently are part of, or may be made part of, this Proceeding, and their respective successors, heirs or assigns.

20. Nothing in this Stipulated Protective Order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that it believes to be otherwise improper.

21. Inadvertent production or disclosure of documents or information subject to the attorney-client privilege or work product doctrine shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the attorney-client privilege or work product doctrine. In the event that such materials are produced, the producing party shall notify the receiving party(ies) in writing of the inadvertent production. Such inadvertently produced documents or information, including all copies thereof, then shall be returned to the producing party immediately upon request. No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned; provided, however, that the receiving party may move the Court for an Order compelling production of such information at any time, and while the fact of inadvertent production is not relevant to whether the document should be produced, a party seeking production may argue in its motion that the production was not inadvertent.

**EXHIBIT A**

By signing this document, I hereby certify that I have read the Confidentiality Agreement in *In re Aqua Dots Products Liability Litigation*, MDL No. 1940 and hereby agree to abide by its terms and conditions. I also understand that any violation of the Confidentiality Agreement by me or anyone acting under my direction may subject me to penalties for contempt of court. I hereby consent to the Court's personal jurisdiction over me.

Dated: ___________________, 2008 Name:___________________________________

Signature:________________________________

Address:

Phone:

Dated: May ___, 2008

**SO STIPULATED AND RESPECTFULLY SUBMITTED:**

__________________________________
Ben Barnow

Ben Barnow
BARNOW AND ASSOCIATES, P.C.
One North LaSalle Street, Suite 4600
Chicago, IL 60602
Telephone: (312) 621-2000
Facsimile: (312) 641-5504

__________________________________
John J. Stoia, Jr.

John J. Stoia, Jr.
COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, California 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

__________________________________
Fredric S. Fox

Fredric S. Fox
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, New York 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714

________________________________
Burton H. Finkelstein

Burton H. Finkelstein
FINKELSTEIN THOMPSON LLP
1050 30th Street, NW
Washington, D.C. 20007
Telephone: (202) 337-8000
Facsimile: (202) 337-8090

*Plaintiffs' Interim Co-Lead Counsel*

__________________________________
Thomas J. Wiegand

Ronald Y. Rothstein
Thomas J. Wiegand
WINSTON & STRAWN LLP
35 Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

*Counsel for Defendants Spin Master Ltd.; Spin Master, Inc.; and Target Corporation*

__________________________________
Dana M. Gilreath

Dana M. Gilreath
CLINTON & CLINTON
100 Oceangate
14th Floor
Longbeach, CA 90802
Telephone: (562) 215-5000
Facsimile: (562) 216-5001

*Counsel for Defendant Moose Enterprises Pty. Ltd.*

**IT IS SO ORDERED.**

Dated: _______________, 2008

__________________________________
Judge David H. Coar