IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AQUA DOTS PRODUCTS LIABILITY LITIGATION | MDL No. 1940 |
| | Lead Case No. 1:08-cv-2364 |
| | Judge David H. Coar |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Magistrate Judge Susan E. Cox |

## DEFENDANT MOOSE ENTERPRISES PTY LTD.'S NOTICE OF LODGEMENT FILED IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FRCP 12(b)(2) AND FAILURE TO STATE A CLAIM PURSUANT TO FRCP 12(b)(6)

TO ALL PARTIES THROUGH THEIR ATTORNEYS OF RECORD:

Pursuant to Judge Coar's Standing Order on Motion Practice, Briefs and Protective Orders in Civil Cases, Defendant, Moose Enterprises Pty Ltd., hereby lodges the following documents with the Court:

- Exhibit A: 12A Okl.St.Ann. § 2-313

- Exhibit B: 12A Okl.St.Ann. § 2-314

- Exhibit C: 13 Pa.Consol. Stat. § 2313

- Exhibit D: 13 Pa.Consol. Stat § 2314

- Exhibit E: 735 Ill. Com. Stat. Ann. §5/2-209

- Exhibit F: 810 Ill. Com. Stat. Ann. §5/2-313

- Exhibit G: 810 Ill. Com. Stat. Ann. §5/2-314

- Exhibit H: 815 Ill. Com. Stat. Ann. §505/1 *et seq*

- Exhibit I: 815 Ill. Com. Stat. Ann. §505/2 *et seq.*

- Exhibit J: 815 Ill. Com. Stat. Ann. §510/2

- Exhibit K:  Ark. Code Ann. § 4-2-313

- Exhibit L:  Ark. Code Ann. § 4-2-314

- Exhibit M:  Ark. Code Ann. 16-4-101

- Exhibit N:  Cal. C.C.P. §410.10

- Exhibit O:  Fla. Stat. § 48.193

- Exhibit P:  Fla. Stat. Ann. § 672.313

- Exhibit Q:  Fla. Stat. Ann. § 672.314

- Exhibit R:  KRS § 355.2-313

- Exhibit S:  KRS § 355.2-314

- Exhibit T:  Mo. Rev. Stat. §400.2-313

- Exhibit U:  Mo. Rev. Stat. §400.2-314

- Exhibit V:  Mo. Rev. Stat. §506.500

- Exhibit W:  N.Y. U.C.C. § 2-313

- Exhibit X:  N.Y. U.C.C.§ 2-314

- Exhibit Y:  V.T.C.A., Bus. & C. § 2.313

- Exhibit Z:  V.T.C.A., Bus. & C. § 2.314

- Exhibit AA: V.T.C.A., Civil Practice & Remedies Code § 17.042

- Exhibit BB:  13 Williston on Contracts § 37:8 (4th ed.)

- Exhibit CC:  16 C.F.R. §1117.1 *et seq*

- Exhibit DD:  16 C.F.R. §1303

- Exhibit EE:  16 C.F.R. §1500.18(A)(2)

- Exhibit FF:  63 Am. Jur. 2d, *Products Liability* § 713

1

- Exhibit GG:  *Barron's Law Dictionary* 393 (Steven H. Gifis, 4th Ed.)

- Exhibit HH:  Restatement (Second) of Torts §402A (1965)

- Exhibit II:  U.C.C. §3-313

- Exhibit JJ:  U.C.C. §3-314

Dated:  June 27, 2008                           Respectfully submitted,

MOOSE ENTERPRISE PTY LTD.

By

CLINTON & CLINTON
David A. Clinton (CA Bar No. 150107)
Dana M. Gilreath (CA Bar No. 227745)
100 Oceangate, 14th Floor
Long Beach, California 90802
Tel. (562) 216-5000
Fax (562) 216-5001

ATTORNEY IN CHARGE FOR
DEFENDANT, MOOSE ENTERPRISE
PTY LTD.

## CERTIFICATE OF SERVICE

I, Catherine M. Cruz, certify that on June 26, 2008 I sent a copy of the attached **DEFENDANT MOOSE ENTERPRISES PTY LTD.'S NOTICE OF LODGEMENT FILED IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FRCP 12(b)(2) AND FAILURE TO STATE A CLAIM PURSUANT TO FRCP 12(b)(6)** to all parties on the Panel Attorney Service List via e-mail to the addresses listed below.

_____
CATHERINE CRUZ

| | |
|---|---|
| Ben Bornow, Esq. <br> **BARNOW & ASSOCIATES PC** <br> b.barnow@barnowlaw.com <br><br><br> _**Attorney for Plaintiff, Robyn Williams**_ | Jack Reise, Esq. <br> **COUGHLIN,     STOIA,     GELLER, RUDMAN & ROBINS, LLP.** <br> jreise@csgrr.com <br><br> _**Attorney for Plaintiff, Sara Bertanowski, Simon Beranowski and Anthony B. White**_ |
| Mila F. Bartos, Esq. <br> **FINKELSTEIN THOMPSON, LLP.** <br> mthompson@finkelsteinthompson.com <br><br><br> _**Attorney for Plaintiff, Sandra Irene Soderstedt**_ | William N. Riley, Esq. <br> **PRICE, WAICUKAUSKI & RILEY, LLC.** <br> wriley@price-law.com <br><br><br> _**Attorney for Plaintiff, Eric K. Botsch**_ |
| Laurence King, Esq. <br> **KAPLAN, FOX & KILSHEIMER, LLP.** <br> lking@kaplanfox.com <br><br><br><br> _**Attorney for Plaintiff, Kim A. Cosgrove**_ | James Alex Streett, Esq. <br> **STREETT LAW FIRM** <br> James@streettlaw.com <br><br><br> _**Attorney for Plaintiff, Fonald C. Erbach, Jr. and Stephanie S. Streett**_ |
| Ralph K. Phalen, Esq. <br> phalenlaw@comcast.com <br><br><br><br> _**Attorney for Plaintiff, Michael J. Burgess**_ | Thomas J. Wiegand, Esq. <br> **WIEGAND, WINSTON & STRAWN, LLP** <br> twiegand@winston.com <br><br> _**Attorney for Defendant, Spin Master, Ltd., Spin Master, Inc. and Target Corporation**_ |

3

# EXHIBIT "A"

*12A Okl. St. § 2-313*

§ **2-313.**  Express Warranties by Affirmation, Promise, Description, Sample

(1) Express warranties by the seller are created as follows:

(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

(c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

(2) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.

# EXHIBIT "B"

*12A Okl. St. § 2-314*

§ **2-314.** Implied Warranty: Merchantability; Usage of Trade

(1) Unless excluded or modified (Section 2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.

(2) Goods to be merchantable must be at least such as

(a) pass without objection in the trade under the contract description; and

(b) in the case of fungible goods, are of fair average quality within the description; and

(c) are fit for the ordinary purposes for which such goods are used; and

(d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and

(e) are adequately contained, packaged, and labeled as the agreement may require; and

(f) conform to the promises or affirmations of fact made on the container or label if any.

(3) Unless excluded or modified (Section 2-316) other implied warranties may arise from course of dealing or usage of trade.

# EXHIBIT "C"

*13 Pa.C.S. § 2313*

§ **2313.** Express warranties by affirmation, promise, description or sample

 (a) GENERAL RULE. --Express warranties by the seller are created as follows:

 (1) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

 (2) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

 (3) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

 (b) FORMAL WORDS OR SPECIFIC INTENT UNNECESSARY. --It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the opinion of the seller or commendation of the goods does not create a warranty.

# EXHIBIT "D"

*13 Pa.C.S. § 2314*

§ **2314.** Implied warranty; merchantability; usage of trade

(a) SALE BY MERCHANT. --Unless excluded or modified (section 2316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.

(b) MERCHANTABILITY STANDARDS FOR GOODS. --Goods to be merchantable must be at least such as:

(1) pass without objection in the trade under the contract description;

(2) in the case of fungible goods, are of fair average quality within the description;

(3) are fit for the ordinary purposes for which such goods are used;

(4) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved;

(5) are adequately contained, packaged, and labeled as the agreement may require; and

(6) conform to the promises or affirmations of fact made on the container or label if any.

(c) COURSE OF DEALING OR USAGE OF TRADE. --Unless excluded or modified (section 2316) other implied warranties may arise from course of dealing or usage of trade.

**EXHIBIT "E"**

*735 ILCS 5/2-209*

§ 735 ILCS **5/2-209.**  Act submitting to jurisdiction -- Process

Sec. 2-209. Act submitting to jurisdiction -- Process. (a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this State;

(2) The commission of a tortious act within this State;

(3) The ownership, use, or possession of any real estate situated in this State;

(4) Contracting to insure any person, property or risk located within this State at the time of contracting;

(5) With respect to actions of dissolution of marriage, declaration of invalidity of marriage and legal separation, the maintenance in this State of a matrimonial domicile at the time this cause of action arose or the commission in this State of any act giving rise to the cause of action;

(6) With respect to actions brought under the Illinois Parentage Act of 1984, as now or hereafter amended [750 ILCS 45/1 et seq.], the performance of an act of sexual intercourse within this State during the possible period of conception;

(7) The making or performance of any contract or promise substantially connected with this State;

(8) The performance of sexual intercourse within this State which is claimed to have resulted in the conception of a child who resides in this State;

(9) The failure to support a child, spouse or former spouse who has continued to reside in this State since the person either formerly resided with them in this State or directed them to reside in this State;

(10) The acquisition of ownership, possession or control of any asset or thing of value present within this State when ownership, possession or control was acquired;

(11) The breach of any fiduciary duty within this State;

(12) The performance of duties as a director or officer of a corporation organized under the laws of this State or having its principal place of business within this State;

(13) The ownership of an interest in any trust administered within this State; or

(14) The exercise of powers granted under the authority of this State as a fiduciary.

(b) A court may exercise jurisdiction in any action arising within or without this State against any person who:

(1) Is a natural person present within this State when served;

(2) Is a natural person domiciled or resident within this State when the cause of action arose, the action was commenced, or process was served;

(3) Is a corporation organized under the laws of this State; or

(4) Is a natural person or corporation doing business within this State.

(c) A court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States.

(d) Service of process upon any person who is subject to the jurisdiction of the courts of this State, as provided in this Section, may be made by personally serving the summons upon the defendant outside this State, as provided in this Act, with the same force and effect as though summons had been personally served within this State.

(e) Service of process upon any person who resides or whose business address is outside the United States and who is subject to the jurisdiction of the courts of this State, as provided in this Section, in any action based upon product liability may be made by serving a copy of the summons with a copy of the complaint attached upon the Secretary of State. The summons shall be accompanied by a $ 5 fee payable to the Secretary of State. The plaintiff shall forthwith mail a copy of the summons, upon which the date of service upon the Secretary is clearly shown, together with a copy of the complaint to the defendant at his or her last known place of residence or business address. Plaintiff shall file with the circuit clerk an affidavit of the plaintiff or his or her attorney stating the last known place of residence or the last known business address of the defendant and a certificate of mailing a copy of the summons and complaint to the defendant at such address as required by this subsection (e). The certificate of mailing shall be prima facie evidence that the plaintiff or his or her attorney mailed a copy of the summons and complaint to the defendant as required. Service of the summons shall be deemed to have been made upon the defendant on the date it is served upon the Secretary and shall have the same force and effect as though summons had been personally served upon the defendant within this State.

(f) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him or her is based upon subsection (a).

(g) Nothing herein contained limits or affects the right to serve any process in any other manner now or hereafter provided by law.

# EXHIBIT "F"

*810 ILCS 5/2-313*

§ 810 ILCS **5/2-313.** Express warranties by affirmation, promise, description, sample

  Sec. 2-313. Express warranties by affirmation, promise, description, sample. (1) Express warranties by the seller are created as follows:

(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

(c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

(2) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.

# EXHIBIT "G"

*810 ILCS 5/2-314*

§ 810 ILCS **5/2-314.**  Implied warranty: merchantability; usage of trade

Sec. 2-314. Implied warranty: merchantability; usage of trade. (1) Unless excluded or modified (Section 2-316 [810 ILCS 5/2-316]), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this Section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.

(2) Goods to be merchantable must be at least such as

(a) pass without objection in the trade under the contract description; and

(b) in the case of fungible goods, are of fair average quality within the description; and

(c) are fit for the ordinary purposes for which such goods are used; and

(d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and

(e) are adequately contained, packaged, and labeled as the agreement may require; and

(f) conform to the promises or affirmations of fact made on the container or label if any.

(3) Unless excluded or modified (Section 2-316 [810 ILCS 5/2-316]) other implied warranties may arise from course of dealing or usage of trade.

# EXHIBIT "H"

*815 ILCS 505/1*

§ 815 ILCS **505/1.**  [Definitions]

   Sec. 1. (a) The term "advertisement" includes the attempt by publication, dissemination, solicitation or circulation to induce directly or indirectly any person to enter into any obligation or acquire any title or interest in any merchandise and includes every work device to disguise any form of business solicitation by using such terms as "renewal", "invoice", "bill", "statement", or "reminder", to create an impression of existing obligation when there is none, or other language to mislead any person in relation to any sought after commercial transaction.

(b) The term "merchandise" includes any objects, wares, goods, commodities, intangibles, real estate situated outside the State of Illinois, or services.

(c) The term "person" includes any natural person or his legal representative, partnership, corporation (domestic and foreign), company, trust, business entity or association, and any agent, employee, salesman, partner, officer, director, member, stockholder, associate, trustee or cestui que trust thereof.

(d) The term "sale" includes any sale, offer for sale, or attempt to sell any merchandise for cash or on credit.

(e) The term "consumer" means any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household.

(f) The terms "trade" and "commerce" mean the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situated, and shall include any trade or commerce directly or indirectly affecting the people of this State.

(g) The term "pyramid sales scheme" includes any plan or operation whereby a person in exchange for money or other thing of value acquires the opportunity to receive a benefit or thing of value, which is primarily based upon the inducement of additional persons, by himself or others, regardless of number, to participate in the same plan or operation and is not primarily contingent on the volume or quantity of goods, services, or other property sold or distributed or to be sold or distributed to persons for purposes of resale to consumers. For purposes of this subsection, "money or other thing of value" shall not include payments made for sales demonstration equipment and materials furnished on a nonprofit basis for use in making sales and not for resale.

# EXHIBIT "I"

*815 ILCS 505/2*

§ 815 ILCS **505/2.**  [Unfair competition and deceptive practices]


   Sec. 2. Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965 [815 ILCS 510/2], in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission Act [15 U.S.C. § 45].

# EXHIBIT "J"

*815 ILCS 510/2*

§ **815** ILCS **510/2.**  Deceptive trade practices

Sec. 2. Deceptive trade practices. (a) A person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, the person:

(1) passes off goods or services as those of another;

(2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

(3) causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another;

(4) uses deceptive representations or designations of geographic origin in connection with goods or services;

(5) represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have;

(6) represents that goods are original or new if they are deteriorated, altered, reconditioned, reclaimed, used, or secondhand;

(7) represents that goods or services are of a particular standard, quality, or grade or that goods are a particular style or model, if they are of another;

(8) disparages the goods, services, or business of another by false or misleading representation of fact;

(9) advertises goods or services with intent not to sell them as advertised;

(10) advertises goods or services with intent not to supply reasonably expectable public demand, unless the advertisement discloses a limitation of quantity;

(11) makes false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions;

(12) engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding.

(b) In order to prevail in an action under this Act, a plaintiff need not prove competition between the parties or actual confusion or misunderstanding.

(c) This Section does not affect unfair trade practices otherwise actionable at common law or under other statutes of this State.

# EXHIBIT "K"

*A.C.A. § 4-2-313*

**4-2-313.  Express warranties by affirmation, promise, description, sample.**

  **(1)** Express warranties by the seller are created as follows:

  **(a)** Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

  **(b)** Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

  **(c)** Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

**(2)** It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.

**HISTORY:** Acts 1961, No. 185, § 2-313; A.S.A. 1947, § 85-2-313.

# EXHIBIT "L"

*A.C.A. § 4-2-314*

**4-2-314. Implied warranty -- Merchantability -- Usage of trade.**

(1) Unless excluded or modified ( § 4-2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.

(2) Goods to be merchantable must be at least such as:

(a) pass without objection in the trade under the contract description; and

(b) in the case of fungible goods, are of fair average quality within the description; and

(c) are fit for the ordinary purposes for which such goods are used; and

(d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and

(e) are adequately contained, packaged, and labeled as the agreement may require; and

(f) conform to the promises or affirmations of fact made on the container or label if any.

(3) Unless excluded or modified ( § 4-2-316), other implied warranties may arise from course of dealing or usage of trade.

# EXHIBIT "M"

*A.C.A. § 16-4-101*

**16-4-101. Personal jurisdiction of Arkansas courts.**

 **A. Definition of "Person".** As used in this section, "person" includes an individual or his executor, administrator, or other personal representative, or a corporation, partnership, association, or any other legal or commercial entity, whether or not a citizen or domiciliary of this state and whether or not organized under the laws of this state.

**B. Personal Jurisdiction.** The courts of this state shall have personal jurisdiction of all persons, and all causes of action or claims for relief, to the maximum extent permitted by the due process of law clause of the Fourteenth Amendment of the United States Constitution.

**C. Service.** When the exercise of personal jurisdiction is authorized by this section, service may be made either within or outside this state.

**D. Inconvenient Forum.** When the court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss the action in whole or in part on any conditions that may be just.

# EXHIBIT "N"

*Cal Code Civ Proc § 410.10*

**410.10.  Jurisdiction exercisable**

A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States.

# EXHIBIT "O"

*Fla. Stat. § 48.193*

**§ 48.193.** Acts subjecting person to jurisdiction of courts of state

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

(b) Committing a tortious act within this state.

(c) Owning, using, possessing, or holding a mortgage or other lien on any real property within this state.

(d) Contracting to insure any person, property, or risk located within this state at the time of contracting.

(e) With respect to a proceeding for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintaining a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. This paragraph does not change the residency requirement for filing an action for dissolution of marriage.

(f) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:

1. The defendant was engaged in solicitation or service activities within this state; or

2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

(g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.

(h) With respect to a proceeding for paternity, engaging in the act of sexual intercourse within this state with respect to which a child may have been conceived.

(2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

(3) Service of process upon any person who is subject to the jurisdiction of the courts of this state as provided in this section may be made by personally serving the process upon the defendant outside this state, as provided in s. 48.194. The service shall have the same effect as if it had been personally served within this state.

(4) If a defendant in his or her pleadings demands affirmative relief on causes of action unrelated to the transaction forming the basis of the plaintiff's claim, the defendant shall thereafter in that action be subject to the jurisdiction of the court for any cause of action, regardless of its basis, which the plaintiff may by amendment assert against the defendant.

(5) Nothing contained in this section limits or affects the right to serve any process in any other manner now or hereinafter provided by law.

# EXHIBIT "P"

*Fla. Stat. § 672.313*

§ **672.313.**  Express warranties by affirmation, promise, description, sample

(1) Express warranties by the seller are created as follows:

(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

(c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

(2) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that the seller have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.

# EXHIBIT "Q"

*Fla. Stat. § 672.314*

§ 672.314.  Implied warranty; merchantability; usage of trade

   (1) Unless excluded or modified (s. 672.316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.

(2) Goods to be merchantable must be at least such as:

   (a) Pass without objection in the trade under the contract description; and

   (b) In the case of fungible goods, are of fair average quality within the description; and

   (c) Are fit for the ordinary purposes for which such goods are used; and

   (d) Run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and

   (e) Are adequately contained, packaged, and labeled as the agreement may require; and

   (f) Conform to the promises or affirmations of fact made on the container or label if any.

(3) Unless excluded or modified (s. 672.316) other implied warranties may arise from course of dealing or usage of trade.

# EXHIBIT "R"

*KRS § 355.2-313*

**355.2-313.  Express warranties by affirmation, promise, description, sample.**

**(1)** Express warranties by the seller are created as follows:

**(a)** Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

**(b)** Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

**(c)** Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

**(2)** It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.

# EXHIBIT "S"

*KRS § 355.2-314*

**355.2-314.  Implied warranty: merchantability -- Usage of trade.**

**(1)** Unless excluded or modified ( KRS 355.2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.

**(2)** Goods to be merchantable must be at least such as

  **(a)** pass without objection in the trade under the contract description; and

  **(b)** in the case of fungible goods, are of fair average quality within the description; and

  **(c)** are fit for the ordinary purposes for which such goods are used; and

  **(d)** run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and

  **(e)** are adequately contained, packaged, and labeled as the agreement may require; and

  **(f)** conform to the promises or affirmations of fact made on the container or label if any.

**(3)** Unless excluded or modified ( KRS 355.2-316) other implied warranties may arise from course of dealing or usage of trade.

# EXHIBIT "T"

*§ 400.2-313 R.S.Mo.*

**§ 400.2-313.** Express warranties by affirmation, promise, description, sample

(1) Express warranties by the seller are created as follows:

(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

(c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

(2) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.

# EXHIBIT "U"

§ 400.2-314 R.S.Mo.

§ **400.2-314.** Implied warranty--merchantability--usage of trade

   (1) Unless excluded or modified (section 400.2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.

(2) Goods to be merchantable must be at least such as

   (a) pass without objection in the trade under the contract description; and

   (b) in the case of fungible goods, are of fair average quality within the description; and

   (c) are fit for the ordinary purposes for which such goods are used; and

   (d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and

   (e) are adequately contained, packaged, and labeled as the agreement may require; and

   (f) conform to the promises or affirmations of fact made on the container or label if any.

(3) Unless excluded or modified (section 400.2-316) other implied warranties may arise from course of dealing or usage of trade.

# EXHIBIT "V"

*§ 506.500 R.S.Mo.*

**§ 506.500.** Actions in which outstate service is authorized--jurisdiction of Missouri courts applicable, when

1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this state;

(2) The making of any contract within this state;

(3) The commission of a tortious act within this state;

(4) The ownership, use, or possession of any real estate situated in this state;

(5) The contracting to insure any person, property or risk located within this state at the time of contracting;

(6) Engaging in an act of sexual intercourse within this state with the mother of a child on or near the probable period of conception of that child.

2. Any person, whether or not a citizen or resident of this state, who has lived in lawful marriage within this state, submits himself to the jurisdiction of the courts of this state as to all civil actions for dissolution of marriage or for legal separation and all obligations arising for maintenance of a spouse, support of any child of the marriage, attorney's fees, suit money, or disposition of marital property, if the other party to the lawful marriage lives in this state or if a third party has provided support to the spouse or to the children of the marriage and is a resident of this state.

3. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.

# EXHIBIT "W"

*NY CLS UCC § 2-313*

**§ 2-313.** Express Warranties by Affirmation, Promise, Description, Sample

(1) Express warranties by the seller are created as follows:

(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

(c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

(2) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.

# EXHIBIT "X"

*NY CLS UCC § 2-314*

§ **2-314.** Implied Warranty: Merchantability; Usage of Trade

(1) Unless excluded or modified (Section 2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.

(2) Goods to be merchantable must be at least such as

(a) pass without objection in the trade under the contract description; and

(b) in the case of fungible goods, are of fair average quality within the description; and

(c) are fit for the ordinary purposes for which such goods are used; and

(d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and

(e) are adequately contained, packaged, and labeled as the agreement may require; and

(f) conform to the promises or affirmations of fact made on the container or label if any.

(3) Unless excluded or modified (Section 2-316) other implied warranties may arise from course of dealing or usage of trade.

# EXHIBIT "Y"

*Tex. Bus. & Com. Code § 2.313*

§ **2.313.** Express Warranties by Affirmation, Promise, Description, Sample

(a) Express warranties by the seller are created as follows:

(1) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

(2) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

(3) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

(b) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.

# EXHIBIT "Z"

*Tex. Bus. & Com. Code § 2.314*

§ **2.314.**  Implied Warranty: Merchantability; Usage of Trade

(a) Unless excluded or modified (Section 2.316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.

(b) Goods to be merchantable must be at least such as

(1) pass without objection in the trade under the contract description; and

(2) in the case of fungible goods, are of fair average quality within the description; and

(3) are fit for the ordinary purposes for which such goods are used; and

(4) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and

(5) are adequately contained, packaged, and labeled as the agreement may require; and

(6) conform to the promises or affirmations of fact made on the container or label if any.

(c) Unless excluded or modified (Section 2.316) other implied warranties may arise from course of dealing or usage of trade.

# EXHIBIT "AA"

*Tex. Civ. Prac. & Rem. Code § 17.042*

§ **17.042.**  Acts Constituting Business in This State

In addition to other acts that may constitute doing business, a nonresident does business in this state if the nonresident:

(1) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state;

(2) commits a tort in whole or in part in this state; or

(3) recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state.

# EXHIBIT "BB"



WILLSTN-CN § 37:8                                                                                                Page 1
13 Williston on Contracts § 37:8 (4th ed.)

Williston on Contracts
Database updated May 2008

Richard A. Lord

Chapter 37. Contracts for the Benefit of Third Persons
II. Classes of Beneficiaries

References

### § 37:8. Tests for determining whether claimant is protected beneficiary

**West's Key Number Digest**

West's Key Number Digest, Contracts ☞185.1, 187(1)

**Legal Encyclopedias**

Am. Jur. 2d, Contracts §§ 430 to 432

The courts have been less than precise as to the tests for ascertaining what beneficiaries fall within what protected classes, although there is in general broad agreement among the courts that intent is the principal touchstone for determining whether a third party beneficiary contract exists.[FN6] As expressed by one court, "for one to be able to avail himself of a promise in an agreement 'to which he is not a party, he must, at least, show that it was intended for his direct benefit,' in either all or part of its contemplated performance."[FN7] As previously noted,[FN8] the Restatement (Second) of Contracts no longer refers to third party creditor and donee beneficiaries as such, but instead to intended and incidental beneficiaries.[FN9] Under this formulation, since only intended beneficiaries of a contract made between two or more other parties have enforceable rights under the contract, intent remains the principal criterion for determining whether a particular beneficiary is protected.[FN10]

While there are numerous statements to the effect that a contract will not be construed as having been made for the benefit of a third person unless that intention is clearly expressed,[FN11] in most jurisdictions the intent to benefit a third party can be shown not only by the contract's express language but by the surrounding circumstances, and many modes of expression of "intent" are accepted by the courts.[FN12] Indeed, under the Restatement (Second) view, a party may be deemed an "intended beneficiary" regardless of the actual intentions of the parties,[FN13] a view consistent with the objective theory of contracts generally, in that it places primary emphasis on the objective, rather than the subjective intention of the parties.[FN14]

In the typical case, where the promisor has undertaken to render performance directly to the beneficiary, the intent to benefit the third party will be clearly manifested. Where this is not so, "[h]owever, the authorities are in accord that one suing as a third party beneficiary has the burden of showing that the provision was for his direct benefit"[FN15]. Unless one can sustain this burden, a purported third party beneficiary will be deemed merely incidentally benefited and will not be permitted to recover on or enforce the agreement.[FN16]

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Intent as to how or by whom the promise shall be enforced is in most classes of contracts held immaterial since "privity" will determine this, but in third party beneficiary contracts, intent has been a somewhat confusing basis of decision.[FN17] According to the majority rule, there is no requirement of a mutual intent, as to the right of enforcement, on the part of the contracting parties; instead, it is the intent or purpose of the promisee who pays for the promise that has been generally considered as governing,[FN18] although there are some judicial statements to the effect that mutual intent[FN19] or the promisor's understanding of the promisee's intent[FN20] is controlling.

In the case of a donee third party beneficiary, the promisee's intention is essential, and, therefore, the focus on the promisee's intent seems necessarily appropriate. By definition, the promisee makes a gift of the promisor's performance to a third party.[FN21] But "in contracts of the creditor beneficiary type the main purpose of the promisee is not to confer a benefit on the third party beneficiary, but to secure the discharge of his debt or performance of his duty to the third party."[FN22] Thus, in the case of a creditor beneficiary, even an express statement by the promisee that his intention is to benefit himself and not the third party should not prevent the creditor from making use of the new asset.[FN23] However, the courts often treat the two classes of intended beneficiaries alike, not only with respect to permitting the third party to sue on the promise, but in expressing what they regard as a governing principle applicable to both classes.[FN24]

One court has advanced the theory that the test is not "a desire or purpose to confer a particular benefit upon [the third person], but an intent that the promisor should assume a direct obligation to him;"[FN25] in brief, that the benefit intended is the giving to the third person of a direct right of action on the contract against the promisor. Similarly, it has been held:

"The test for determining whether a contract was made for the benefit of a third person is whether an intent to benefit a third person appears from the terms of the contract. If the terms of the contract necessarily require the promisor to confer a benefit on a third person, then the contract, and hence the parties thereto, contemplate a benefit to the third person."[FN26]

If an intent can be found to give a third party a right, the intent should be given effect;[FN27] but the test, if applied negatively, may be objectionable. As has been said, a creditor's right should depend only on the possession by his debtor of a valuable right.[FN28]

Another court has said: "The liability of the promisor to the third party … depends merely upon the question whether the third party has a beneficial interest in the enforcement of the contract."[FN29] But this criterion, if it means legal interest, begs the question; if it means interest in fact it would include within its scope an incidental beneficiary.[FN30]

Although no single test is available to embrace within it all cases of third party beneficiaries, especially given the differences that exist between creditor and donee beneficiaries, and the need to exclude recovery by incidental beneficiaries, it may nevertheless be said that, as a general rule, a third party may enforce a promise as having been made for his benefit, if it appears from the promise or in the light of the surrounding circumstances that he was intended in fact to be a donee beneficiary of the promisee.[FN31] But when the situation is such that no intention to make a gift appears, the third party may still recover if the promise has the effect as a matter of law, from the nature of the obligation, of according recognition to the third party, whether directly or by sound implication, as a creditor beneficiary of the promise, so that in either situation he stands in the position of necessarily being more than a mere incidental beneficiary as to the promisor's performance.[FN32] Some difficulty

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

has also resulted from the use of only the two classic categories—donee and creditor beneficiaries—for third parties to the contract who have been permitted to bring an action on a contract. However, as has been noted,[FN33] an increasing number of beneficiaries, hard to fit into these two classes, are nevertheless permitted to sue.[FN34] The Restatement (Second) of Contracts, with its specific intention to expand the protection of the third party beneficiary doctrine beyond the traditional donee and creditor beneficiaries, suggests that reasonable reliance on the part of the beneficiary should be incorporated as part of the test for coverage. The comment to the Restatement (Second) provides:

"Either a promise to pay the promisee's debt to a beneficiary or a gift promise involve a manifestation of intention by the promisee and promisor sufficient, in a contractual setting, to make reliance by the beneficiary both reasonable and probable. Other cases may be quite similar in this respect. Examples are a promise to perform a supposed or asserted duty of the promisee, a promise to discharge a lien on the promisee's property, or a promise to satisfy the duty of a third person. In such cases, if the beneficiary would be reasonable in relying on the promise as manifesting an intention to confer a right on him, he is an intended beneficiary."[FN35] Beneficiaries of accident insurance policies,[FN36] group insurance policies,[FN37] labor agreements,[FN38] and warranties in sales contracts,[FN39] as well as subsequent purchasers of real property,[FN40] furnish good ex- amples.

Some courts seem to suggest that a different criterion might help to resolve this confusion and use as a test the question of whether the beneficiary is "direct" or "remote."[FN41] Under this concept, the term "direct" beneficiary is interpreted as meaning one who is "contemplated," "intended," or "recognized" as such by the parties making the contract.[FN42] According to this view, it would appear that each case would be decided according to its individual merits and the circumstances attendant upon the making of the contract.[FN43]

In any event, the courts have generally construed the prerequisite of an "intent to benefit" to mean an intent to confer on a third party an enforceable right concerning which the promisee and the promisor bargained. Of course, this is largely the approach now taken by the Restatement.[FN44] Under such a construction, the concept of the creditor beneficiary and the concept of the donee beneficiary are perfectly consistent.[FN45] A test adopted by one court long ago anticipated the view of the Restatement (Second) of Contracts:

"If the parties to the contract did intend to confer upon the third person a right against the promisor, or the promisor intended by such agreement to assume a legal obligation to the third person, these would be indicative of the intent of the parties to benefit the third person."[FN46]

**CUMULATIVE SUPPLEMENT**

**Cases:**

Under New York law, insurer's subsidiary was an intended third party beneficiary of agreement for sale of subsidiary, which required insurer's corporate owner to maintain subsidiary's capital and surplus at a specified level and pay subsidiary's legal fees and expenses in existing litigation; agreement specifically included subsidiary as direct beneficiary of promise, corporate owner rendered performance of its obligations directly to subsidiary, and right of rescission that was retained by successor was never exercised. Restatement (Second) of Contracts § 302. Levin v. Tiber Holding Corp., 277 F.3d 243 (C.A.2 (N.Y.), 2002).

Under Delaware law, if it is not the promisee's intention to confer direct benefits upon a third party, but rather such third party happens to benefit from the performance of the promise either coincidentally or indirectly, then the third party will have no enforceable rights under the contract. E.I. Dupont de Nemours and Co. v.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Rhone Poulenc Fiber and Resin Intermediates, S.A.S., 269 F.3d 187 (C.A.3 (Del.), 2001).

Presumption that an individual who is not a party to a contract may not enforce it may be overcome by showing that the individual was intended to be the direct beneficiary of the contract; the contract must be shown to create a direct, not incidental or consequential, benefit to the third party; thus, laid-off employee of employer producing material for fabricating nuclear weapons was not third party beneficiary of contract between employer and Department of Energy, and was not entitled to severance benefits under contract section providing that DOE would reimburse employer for severance benefits paid to laid-off employees, where contract evinced neither expressed nor implied intent on part of employer or DOE to directly benefit employees. Stokes v. Westinghouse Savannah River Co., 206 F.3d 420 (4th Cir. 2000).

In order to qualify as third-party beneficiary of contract under Texas law, party must establish that contracting parties: (1) intended to confer some benefit to third party, and (2) entered into contract directly for third party's benefit. In re El Paso Refinery, LP, 302 F.3d 343 (5th Cir. 2002).

Under Indiana law, a third-party beneficiary contract is formed when (1) the parties intend to benefit a third party, (2) the contract imposes a duty on one of the parties in favor of the third party, and (3) the performance of the terms of the contract renders a direct benefit to the third party. Deckard v. General Motors Corp., 307 F.3d 556, 59 Fed. R. Evid. Serv. 1314 (7th Cir. 2002).

To have an enforceable property right as a third party beneficiary under Nebraska law, the named parties to the contract must have contemplated the third party's rights and interests and provided for them. Biby v. Board of Regents, of University of Nebraska at Lincoln, 419 F.3d 845, 201 Ed. Law Rep. 36 (8th Cir. 2005).

A party can enforce a third-party contract only if it reflects an express or implied intention of the parties to the contract to benefit the third party; the intended beneficiary need not be specifically or individually identified in the contract, but must fall within a class clearly intended by the parties to benefit from the contract. Kremen v. Cohen, 337 F.3d 1024 (9th Cir. 2003).

Under California law, law firm whose records accountants were employed to audit, to ensure that firm's bills to client conformed to client's billing guidelines, stood in investigatory, if not in adversarial, relationship to accountants and was not third-party beneficiary of audit agreement between client and accountants. Glenn K. Jackson Inc. v. Roe, 273 F.3d 1192 (C.A.9 (Cal.), 2001).

Person may sue for damages resulting from the breach of a contractual obligation, even though he was not a party to the contract and had no knowledge of it when it was made, if he was an intended beneficiary of that obligation; it is not necessary that the party be specifically named as a beneficiary but only that the contract be made "expressly," that is in direct, explicit, definite, or unmistakable terms, for the benefit of a third person; whether an individual is a third party beneficiary of a contract is determined by the intent of the contracting parties; thus, worker who was injured when aerial work platform collapsed was third party beneficiary of distribution and sales agreement between platform manufacturer and distributor, where agreement provided that distributor was to notify owner and user of platform if it was being improperly used or if it required maintenance or service for safe operation. Woolard v. JLG Industries, Inc., 210 F.3d 1158 (10th Cir. 2000).

Third party is intended beneficiary of contract, under Florida law, only if parties to contract clearly express, or contract itself expresses, intent to primarily and directly benefit third party. Jackson v. BellSouth Telecommunications, 372 F.3d 1250 (11th Cir. 2004).

To be a third party beneficiary, a third party need not be mentioned by name as long as the contract refers to a well defined class of readily identifiable persons that it intends to benefit. Polo Ralph Lauren, L.P. v. Tropical Shipping & Const. Co., Ltd., 215 F.3d 1217 (11th Cir. 2000).

A party suing as a third party beneficiary has the burden of showing that a contract provision was for his direct benefit. Alpine County, Cal. v. U.S., 417 F.3d 1366 (Fed. Cir. 2005) (citing text).

Contracting parties may create rights for the benefit of third persons, which those persons may then vindic-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

WILLSTN-CN § 37:8                                                                                    Page 5
13 Williston on Contracts § 37:8 (4th ed.)

ate and enforce as third party beneficiaries of the contract; for there to be third party beneficiaries, a contract must reflect the express or implied intention of the parties to benefit the third party; the intended beneficiary need not be specifically or individually identified in the contract, but must fall within a class clearly intended to be benefited. Caguas Cent. Federal Sav. Bank v. U.S., 215 F.3d 1304 (Fed. Cir. 2000), cert. denied, 121 S. Ct. 759 (U.S. 2001) (citing Restatement (Second) of Contracts § 302(1)).

   The party asserting third party beneficiary status bears the burden of demonstrating that the contract, or a provision thereof, was made for its benefit. MBIA Insurance Corp. v. Royal Indem. Co., 519 F. Supp. 2d 455 (D. Del. 2007) (citing text).

   A party suing as a third-party beneficiary has the burden of showing that a contract provision was for his or her direct benefit. Owens v. Spanish Village Community Development Corp., 2006 WL 237030 (S.D. Tex. 2006) (citing text).

   A party claiming to be a third-party beneficiary must establish that the contracting parties intended, upon execution of the contract, to bestow a direct, as opposed to an incidental, benefit upon the third party. Cincinnati Ins. Companies v. Barber Insulation, Inc., 946 So. 2d 441 (Ala. 2006).

   A party claiming to be a third-party beneficiary must establish that the contracting parties intended, upon execution of the contract, to bestow a direct, as opposed to an incidental, benefit upon the third party. Fountain v. Ingram, 2005 WL 2597117 (Ala. 2005).

   To establish a claim of third-party-beneficiary entitlement, a claimant must show that: (1) the contracting parties intended, at the time the contract was created, to bestow a direct benefit upon a third party; (2) the complainant was the intended beneficiary of the contract; and (3) the contract was breached. Custer v. Homeside Lending, Inc., 2003 WL 1145472 (Ala. 2003).

   To recover under a third-party beneficiary theory, the complainant must show: (1) that the contracting parties intended, at the time the contract was created, to bestow a direct benefit upon a third party, (2) that the complainant was the intended beneficiary of the contract, and (3) that the contract was breached. H.R.H. Metals, Inc. v. Miller ex rel. Miller, 833 So. 2d 18 (Ala. 2002).

   The Supreme Court will recognize a third party's right to enforce a contract upon a showing that the parties to the contract intended that at least one purpose of the contract was to benefit the third party. Smallwood v. Central Peninsula General Hosp., 151 P.3d 319 (Alaska 2006).

   A third-party beneficiary is a non-party who has the right to enforce a contract. Restatement (Second) of Contracts § 304. Maricopa-Stanfield Irr. & Drainage Dist. v. Robertson, 211 Ariz. 485, 123 P.3d 1122 (2005), petition for cert. filed, 74 U.S.L.W. 3572 (U.S. Mar. 31, 2006).

   A person not a party to an express contract may bring an action on such contract if the parties to the agreement intended to benefit the nonparty, provided that the benefit claim is a direct and not merely an incidental benefit of the contract. Town of Alma v. Azco Const., Inc., 10 P.3d 1256 (Colo. 2000).

   The ultimate test to be applied in determining whether a person has a right of action as a third party beneficiary of a contract is whether the mutual intent of the parties to the contract was that the promisor should assume a direct obligation to the third party beneficiary and that intent is to be determined from the terms of the contract read in the light of the circumstances attending its making. Pelletier v. Sordoni/Skanska Const. Co., 262 Conn. 372, 815 A.2d 82 (2003).

   Former employer and former supervisor were intended third-party beneficiaries of contractual release between nurse and hiring hospital, and thus, fact that former employer and former supervisor were not signatories to release did not prevent them from raising release as defense to nurse's defamation claim, where terms of release directly benefited former employer and former supervisor by absolving them from liability for providing information concerning nurse's employment record and release specifically identified intended beneficiaries as those individuals and entities named in nurse's employment application, which included former hospital and

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

former supervisor. Woodfield v. Providence Hospital, 2001 WL 1011966 (D.C., 2001).

A third party to a contract may sue to enforce its provisions if the contracting parties intend the third party to benefit directly. Fields v. Tillerson, 726 A.2d 670 (D.C. 1999).

The promisee's obligation which is necessary to make a third party an intended creditor beneficiary must pre-exist the contract. Restatement (Second) of Contracts 302(1)(a). Jou v. Dai-Tokyo Royal State Ins. Co., 116 Haw. 159, 172 P.3d 471 (2007).

To prove its status as a third-party beneficiary of a contract, the third party must show that the contract was made for his direct benefit or, as sometimes stated, primarily for his benefit; it is not sufficient that he be a mere incidental beneficiary. Fenwick v. Idaho Dept. of Lands, 144 Idaho 318, 160 P.3d 757 (2007).

To obtain third party beneficiary status, a plaintiff must be a stranger to the contract he is attempting to enforce. West's I.C.A. 29-102. Sirius LC v. Erickson, 144 Idaho 38, 156 P.3d 539, 62 U.C.C. Rep. Serv. 2d 411 (2007).

The primary question in a third-party beneficiary case is whether the contract manifests an intent to benefit a third party; such intent, however, need not benefit a third party directly. RPC Liquidation v. Iowa Dept. of Transp., 717 N.W.2d 317 (Iowa 2006).

For a party to be a third party beneficiary to a contract, the contract must be made for the third party's benefit as its object, and he must be the party intended to be benefited in order to be entitled to sue upon it. State ex rel. Stovall v. Reliance Ins. Co., 278 Kan. 777, 107 P.3d 1219 (2005).

A person is a third-party beneficiary of a contract only when that contract establishes that a promisor has undertaken a promise directly to or for that person; by using the modifier directly in third-party beneficiary statute, Legislature intended to assure that contracting parties are clearly aware that the scope of their contractual undertakings encompasses a third party, directly referred to in the contract, before the third party is able to enforce the contract. M.C.L.A. § 600.1405. Schmalfeldt v. North Pointe Ins. Co., 469 Mich. 422, 670 N.W.2d 651 (2003).

In determining whether a contracting party has knowingly undertaken an obligation directly for the benefit of a class of persons, for purposes of the third-party beneficiary statute, an objective standard is to be used to determine from the contract itself whether the promisor undertook to give or to do or to refrain from doing something directly to or for the putative third- party beneficiary. M.C.L.A. § 600.1405. Brunsell v. City of Zeeland, 467 Mich. 293, 651 N.W.2d 388 (2002).

If recognition of third-party beneficiary rights is appropriate and either the duty owed test or the intent to benefit test is met, the third party can recover as an intended beneficiary; if a beneficiary does not meet either of these tests, it is an incidental beneficiary and has no right to enforce the contract. Restatement (Second) of Contracts § 302. Hickman v. SAFECO Ins. Co. of America, 695 N.W.2d 365 (Minn. 2005).

Nursing home resident was not a third-party beneficiary of the construction contract between construction company and nursing home with respect to breach of contract claim brought against company by relatives of nursing home resident, who died as result of being attacked and bitten in her bed by fire ants. Rein v. Benchmark Const. Co., 865 So. 2d 1134 (Miss. 2004).

For a party to be bound to a contract as a third-party beneficiary, the terms of the contract must clearly express intent to benefit that party or an identifiable class of which the party is a member. Verni v. Cleveland Chiropractic College, 212 S.W.3d 150 (Mo. 2007).

For a third party to maintain a cause of action for breach of contract, it is not necessary for the parties to the contract to have as their primary object the goal of benefiting the third parties, but only that the third parties be primary beneficiaries. L.A.C. ex rel. D.C. v. Ward Parkway Shopping Center Co., L.P., 75 S.W.3d 247 (Mo. 2002).

Beneficiaries of a contract may recover thereon, though not named as parties, if it appears by express stipu-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

lation or by reasonable intendment that the rights and interests of the unnamed parties were contemplated and provision was being made for them. Spring Valley IV Joint Venture v. Nebraska State Bank of Omaha, 269 Neb. 82, 690 N.W.2d 778 (2005).

Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an "intended beneficiary" if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either (a)the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary, or (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance. Restatement (Second) of Contracts, § 302. Spring Valley IV Joint Venture v. Nebraska State Bank of Omaha, 269 Neb. 82, 690 N.W.2d 778 (2005).

Whether an individual is an intended third-party beneficiary depends on the parties' intent, gleaned from reading the contract as a whole in light of the circumstances under which it was entered. Canfora v. Coast Hotels and Casinos, Inc., 121 P.3d 599 (Nev. 2005).

A third party beneficiary relationship to a contract exists where the contract is so expressed as to give the promisor reason to know that a benefit to a third party is contemplated by the promisee as one of the motivating causes of his making the contract; benefit to a third party is a "motivating cause" only where the promisee intends to give the beneficiary the benefit of the promised performance; unless the performance required by the contract will directly benefit intended beneficiary, beneficiary is at best an incidental beneficiary; mere fact that a party was due to receive a pecuniary benefit through performance of the contract is not sufficient; thus, buyer's payment to debtor of a fee for assignment of debtor's right of first refusal to purchase land, which was transferred to trust created for the benefit of claim holders in debtor's bankruptcy proceedings, was not a "motivating cause" of buyer entering into purchase agreement with trustee, even if trustee knew of the fee arrangement between buyer and debtor, and thus, debtor was not a third party beneficiary to the purchase agreement, which was not consummated, such that he could prevail on a breach of contract claim against trustee. Grossman v. Murray, 144 N.H. 345, 741 A.2d 1218 (1999).

A third party is an intended third-party beneficiary of a contract and, thus, entitled to enforce its terms, where (1) the parties to the contract have not otherwise agreed, (2) recognition of the third-party's right to performance is appropriate to effectuate the parties' intent, and (3) terms or circumstances indicate that performance of the promise is intended or will satisfy an obligation owed by the promisee to the third party. Benton v. Vanderbilt University, 137 S.W.3d 614 (Tenn. 2004).

A third party is an "intended third-party beneficiary" of a contract and, thus, is entitled to enforce the contract's terms, if: (1) the parties to the contract have not otherwise agreed; (2) recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties; and (3) the terms of the contract or the circumstances surrounding performance indicate that either: (a) the performance of the promise will satisfy an obligation or discharge a duty owed by the promisee to the beneficiary; or (b) the promisee intends to give the beneficiary the benefit of the promised performance. Owner Operator Independent Drivers Ass'n, Inc. v. Concord EFS, Inc., 2001 WL 1042177 (Tenn., 2001).

The intent to confer a direct benefit upon a third party must be clearly and fully spelled out, or enforcement of the contract by the third party must be denied. South Texas Water Authority v. Lomas, 223 S.W.3d 304 (Tex. 2007).

A third-party beneficiary may enforce a contract to which it is not a party if the parties to the contract intended to secure a benefit to that third party and entered into the contract directly for the third party's benefit. In re Palm Harbor Homes, Inc., 195 S.W.3d 672 (Tex. 2006).

A third party may recover on a contract made between other parties only if the parties intended to secure a benefit to that third party, and only if the contracting parties entered into the contract directly for the third party's benefit. Stine v. Stewart, 80 S.W.3d 586 (Tex. 2002), reh'g of cause overruled, (Aug. 22, 2002).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

For third party beneficiary status to exist, the written contract must show that the contracting parties clearly intended to confer a separate and distinct benefit upon the third party. Wagner v. Clifton, 2002 UT 109, 62 P.3d 440 (Utah 2002).

For a third party to have enforceable rights under a contract, the intention of the contracting parties to confer a separate and distinct benefit upon the third party must be clear; accordingly, a third party only incidentally benefited has no right to recover under the contract. SME Industries, Inc. v. Thompson, Ventulett, Stainback and Associates, Inc., 2001 UT 54, 28 P.3d 669 (Utah 2001).

The predominant inquiry in any third party beneficiary case is whether the contracting parties clearly intended the third party to receive a separate and distinct benefit from the contract. Oxendine v. Overturf, 1999 UT 4, 973 P.2d 417 (Utah 1999).

Determination whether a party may be classified as a third party beneficiary, as opposed to an incidental beneficiary, is based on original contracting parties' intention. McMurphy v. State, 757 A.2d 1043 (Vt. 2000).

The status of an intended third-party beneficiary does not depend upon permanent membership in the class of persons entitled to receive the benefit of the contract. West's V.C.A. 55-22. Ogunde v. Prison Health Services, Inc., 645 S.E.2d 520 (Va. 2007).

The third-party beneficiary doctrine is subject to the limitation that the third party must show that the contracting parties clearly and definitely intended that the contract confer a benefit upon him. West's V.C.A. 55-22. Collins v. First Union Nat. Bank, 272 Va. 744, 636 S.E.2d 442, 61 U.C.C. Rep. Serv. 2d 257 (2006).

If the third-party beneficiary is not identified in the contract, courts can and must look to the surrounding circumstances to determine intent; doing so is not an improper extension of the terms of the contract, but is a necessary step in effectuating the intent of the parties. Cordero Mining Co. v. U.S. Fidelity and Guar. Ins. Co., 2003 WY 48, 67 P.3d 616 (Wyo. 2003).

**[END OF SUPPLEMENT]**

**[FN6]**
**U.S. Supreme Court**
Robins Dry Dock & Repair Co. v. Flint, 275 U.S. 303, 48 S. Ct. 134, 72 L. Ed. 290 (1927)

**First Circuit**
McCarthy v. Azure, 22 F.3d 351 (1st Cir. 1994) (as is generally the case in matters of contract interpretation, crux in third party beneficiary analysis is intent of parties)

**Third Circuit**
Isbrandtsen Co. v. Local 1291 of International Longshoremen's Ass'n, 204 F.2d 495 (3d Cir. 1953) (action by third party time charterer of ship against longshoreman's union)

**Fifth Circuit**
Camco Oil Corp. v. Vander Laan, 220 F.2d 897 (5th Cir. 1955) ("in order for a third party to recover on a contract to which he is not a party, it must clearly be shown that the contract was intended for his benefit.")

**Sixth Circuit**
Norfolk & Western Co. v. U.S., 641 F.2d 1201 (6th Cir. 1980) (applying Ohio law; under "intent to benefit" test to distinguish between incidental beneficiaries and beneficiaries with enforceable rights, if promisee intends that third party should benefit from contract, then third party is intended beneficiary

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

who has enforceable rights under the contract; if promisee has no intent to benefit third party, then third party is merely incidental beneficiary who has no enforceable rights under the contract)

King v. National Industries, Inc., 512 F.2d 29 (6th Cir. 1975) (citing text)

### Seventh Circuit
Cooper Power Systems, Inc. v. Union Carbide Chemicals & Plastics Co., Inc., 123 F.3d 675, 33 U.C.C. Rep. Serv. 2d (CBC) 803 (7th Cir. 1997) (applying Ohio law; a person cannot assert contractual rights as third party beneficiary of contract unless that person was intended beneficiary of contract; there must be evidence that promisee intended to directly benefit or assume duty to that person, and not simply that some incidental benefit was conferred on him by promisee's actions under contract)

E.B. Harper & Co., Inc. v. Nortek, Inc., 104 F.3d 913 (7th Cir. 1997) (applying Illinois law; in order for third party to have right to sue, contract must be undertaken for plaintiff's direct benefit and contract it-self must affirmatively make this intention clear; if intent is not express on face of contract, its implica-tion at least must be so strong as to be practically an express declaration)

### Eighth Circuit
M.E. Smith & Co. v. Wilson, 9 F.2d 51 (C.C.A. 8th Cir. 1925) ("Colorado follows the rule generally announced in American jurisdictions … which is that where two parties contract for the direct benefit of a third person, that person may adopt and sue upon the contract; but that where the contracting parties intend no direct benefit to such third person, he acquires no legal rights thereunder merely because he might be benefited incidentally if the contract be performed [citations].")

### Ninth Circuit
Hairston v. Pacific 10 Conference, 101 F.3d 1315, 114 Ed. Law Rep. 771 (9th Cir. 1996), as amended, (Dec. 19, 1996) (applying Washington law; to create a third party beneficiary contract, the parties must intend that the promisor assume a direct obligation to the intended beneficiary at the time they enter in-to the contract, and to determine the contracting parties' intent, the court should construe the contract as a whole, in light of the circumstances under which it was made)

### Tenth Circuit
Willis v. E.I. Du Pont De Nemours & Co., 76 F. Supp. 1010 (E.D. Okla. 1948), judgment rev'd on other grounds, 171 F.2d 51 (10th Cir. 1948)

### Eleventh Circuit
Maccaferri Gabions, Inc. v. Dynateria Inc., 91 F.3d 1431 (11th Cir. 1996), cert. denied, 520 U.S. 1167, 117 S. Ct. 1430, 137 L. Ed. 2d 539 (1997) (applying Florida law; a party is intended beneficiary of con-tract, with ability to enforce agreement, only if parties to contract clearly express intent to primarily and directly benefit that party)

### Alaska
Howell v. Ketchikan Pulp Co., 943 P.2d 1205 (Alaska 1997) (to bestow third party beneficiary stature on individual, parties to contract must have intended their contract to benefit individual; motives of parties, including those of promisee, are determinative; pipefitter employed by contractor, who was in-jured while repairing premises-owner's boiler, was not third party beneficiary of contract contractor had with premises owner to repair boilers which provided for liability coverage for injury sustained by con-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

tractor's employees, and could not recover on breach of contract action against premises owner, where liability coverage clause protected contracting parties by allocating liability between them, but there was no evidence that language was motivated by desire on part of contracting parties to benefit employ- ees)

Century Ins. Agency, Inc. v. City Commerce Corp., 396 P.2d 80 (Alaska 1964) (citing text)

**Ark.**
Cherry v. Tanda, Inc., 327 Ark. 600, 940 S.W.2d 457 (1997) (parties are presumed to contract only for themselves, and contract is not construed as having been made for benefit of third parties unless it clearly appears that this was intention of parties; contract is actionable by third party if there is substan- tial evidence of clear intention to benefit that third party, and it is not necessary that third party be named in contract if he is member of a class of persons sufficiently described or designated in contract)

**Cal.**
Murphy v. Allstate Ins. Co., 17 Cal. 3d 937, 132 Cal. Rptr. 424, 553 P.2d 584 (1976) (citing text)

Harper v. Wausau Ins. Co., 56 Cal. App. 4th 1079, 66 Cal. Rptr. 2d 64 (2d Dist. 1997) (third party may qualify as beneficiary under contract where contracting parties must have intended to benefit that indi- vidual and such intent appears in terms of agreement, but persons who are only incidentally or remotely benefited by agreement may not enforce it as third party beneficiaries; traditional third party beneficiary principles do not require that person to be benefited be named in contract)

Cancino v. Farmers Ins. Group, 80 Cal. App. 3d 335, 145 Cal. Rptr. 503 (2d Dist. 1978) (citing text)

Walters v. Calderon, 25 Cal. App. 3d 863, 102 Cal. Rptr. 89 (1st Dist. 1972) (it is not every contract for the benefit of a third person that is enforceable by the beneficiary; the fact that he is incidentally named in the contract, or that the contract, if carried out according to its terms, would inure to his benefit, is not sufficient to entitle him to demand its fulfillment; it must appear to have been the intention of the parties to secure to him personally the benefits of its provisions; citing text)

**Ga.**
Anthony v. Grange Mut. Cas. Co., 226 Ga. App. 846, 487 S.E.2d 389 (1997), cert. denied, (Nov. 14, 1997) (for third party to have standing to enforce contract, it must clearly appear from contract that it was intended for his benefit)

**Haw.**
Pancakes of Hawaii, Inc. v. Pomare Properties Corp., 85 Haw. 300, 944 P.2d 97 (Haw. Ct. App. 1997) (prime requisite to status of third party beneficiary under contract is that parties to contract must have intended to benefit third party, who must be something more than mere incidental beneficiary)

**Idaho**
Bush v. Upper Valley Telecable Co., 96 Idaho 83, 524 P.2d 1055 (1973) (citing text)

**Ill.**
Fodge v. Board of Ed. of Village of Oak Park, Dist. 97, 309 Ill. App. 109, 32 N.E.2d 650 (1st Dist. 1941) ("The doctrine that a third party may maintain an action on a promise made by one person to an-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

other for his benefit is limited to contracts which have for their primary object and purpose the benefit of a third person and which are made for his direct benefit.")

**La.**

Concept Design, Inc. v. J.J. Krebs & Sons, Inc., 692 So. 2d 1203 (La. Ct. App. 4th Cir. 1997) (in order to establish stipulation pour autrui, there must be clear expression of intent to benefit the third party; the third-party relationship must form the consideration for a condition of the contract, and the benefit may not be merely incidental to the contract)

**Mass.**

Anderson v. Fox Hill Village Homeowners Corp., 424 Mass. 365, 676 N.E.2d 821 (1997) (in determining whether plaintiff was intended third party beneficiary of contract, court looks at language and circumstances of contract for indicia of intention, which must be clear and definite; citing Restatement (Second) of Contracts § 302)

**Minn.**

Buchman Plumbing Co., Inc. v. Regents of the University of Minnesota, 298 Minn. 328, 215 N.W.2d 479 (1974) (citing text)

**Mont**

Ludwig v. Spoklie, 280 Mont. 315, 930 P.2d 56 (1996) (in order to establish existence of contract for benefit of third party, it must be shown that it was intention of contracting parties to benefit third party)

**N.Y.**

Finch, Pruyn & Co. Inc. v. M. Wilson Control Services Inc., 239 A.D.2d 814, 658 N.Y.S.2d 496 (3d Dep't 1997) (owner of manufacturing facility was intended third party beneficiary of contract between electrical contractor, which owner had hired to remove and replace transformer, and subcontractor, and thus, could maintain breach of contract against subcontractor for property damages and loss resulting from power outage which occurred during work, even though owner was not specifically identified as beneficiary in contract, since subcontract necessarily required subcontractor to directly perform at owner's facility for contractor to satisfy its obligations to owner, and evidenced clear intent by contractor to give owner benefit of promised performance)

Larkin v. Metropolitan Life Ins. Co., 28 Misc. 2d 451, 212 N.Y.S.2d 538 (Sup. Ct. 1961) (citing text)

**Or.**

Rodgers v. Reimann, 227 Or. 62, 361 P.2d 101 (1961) (citing text)

**Tex.**

Melvin Green, Inc. v. Questor Drilling Corp., 946 S.W.2d 907 (Tex. App. Amarillo 1997), reh'g overruled, (July 7, 1997) (in determining if third party may enforce contract, intention of parties to the contract is controlling; third party beneficiary obligation must be clearly and fully spelled out to be enforceable; contract will not be construed as having been made for benefit of third party unless it clearly appears that such was the intention of the parties; third party beneficiary's claim fails when reasonable doubt exists as to intention by contracting parties to confer direct benefit)

**Utah**

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

WILLSTN-CN § 37:8
13 Williston on Contracts § 37:8 (4th ed.)

Page 12

American Towers Owners Ass'n, Inc. v. CCI Mechanical, Inc., 930 P.2d 1182 (Utah 1996) (condominium association was not third party beneficiary of contracts and subcontracts involving owner, contractor and subcontractors covering construction of condominium complex; mere fact that buildings were to contain condominiums did not show necessary intent to confer benefits on association)

Hansen v. Green River Group, 748 P.2d 1102 (Utah Ct. App. 1988) (citing text)

**Va.**

First Sec. Federal Sav. Bank, Inc. v. McQuilken, 253 Va. 110, 480 S.E.2d 485 (1997) (agreement will be enforced in favor of third party beneficiary when beneficiary establishes that parties to agreement clearly and definitely intended to confer benefit on beneficiary)

[FN7]
**U.S. Supreme Court**
Robins Dry Dock & Repair Co. v. Flint, 275 U.S. 303, 48 S. Ct. 134, 72 L. Ed. 290 (1927)
See also:

**Fifth Circuit**
International Erectors, Inc. v. Wilhoit Steel Erectors and Rental Service, 400 F.2d 465 (5th Cir. 1968) (applying Florida law and citing text; in order for a third party to be classified as either a donee or a creditor beneficiary, the promisor and promisee must have intended, at the time they entered into the contract, to benefit the third party; if no such intention to benefit is found in the contract, the third party is an incidental beneficiary and has no right enforceable against the promisor under the contract; citing text)

**Seventh Circuit**
Wright v. Associated Ins. Companies Inc., 29 F.3d 1244, 30 Fed. R. Serv. 3d (LCP) 202 (7th Cir. 1994) (applying Indiana law; individual is third party beneficiary only if parties to agreement intended to benefit him, agreement imposes duty on one of the parties in his favor, performance of terms of the agreement render intended, direct benefit to him and intent to benefit clearly appears from terms of agreement)

**Ninth Circuit**
U.S. v. Aleutian Homes, Inc., 193 F. Supp. 571 (D. Alaska 1961) (citing text)

**Ariz.**
California Cotton Oil Corp. v. Rabb, 88 Ariz. 375, 357 P.2d 126 (1960) (third party could not sue on contract because no intent to benefit third party was shown)

**Del.**
Triple C Railcar Service, Inc. v. City of Wilmington, 630 A.2d 629 (Del. 1993) (essential to third party's right of enforceability of contract is intention of contracting parties to view that party either as donee or creditor of beneficiary)

**Idaho**
Bush v. Upper Valley Telecable Co., 96 Idaho 83, 524 P.2d 1055 (1973) (citing text)

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Me.**

Devine v. Roche Biomedical Laboratories, 659 A.2d 868 (Me. 1995) (in order to establish third party beneficiary status, it is not enough that person benefited or could have benefited from performance of contract; intent to benefit person must be clear and definite, whether expressed in contract itself or in circumstances surrounding its execution)

**Mo.**

Peters v. Employers Mut. Cas. Co., 853 S.W.2d 300, 83 Ed. Law Rep. 846 (Mo. 1993) (third party beneficiary can sue to enforce contract if contract terms clearly express intent to benefit either that party or identifiable class to which that party belongs)

**N.Y.**

Zweig v. Metropolitan Life Ins. Co., 73 Misc. 2d 93, 340 N.Y.S.2d 817 (City Civ. Ct. 1972) (quoting text)

Larkin v. Metropolitan Life Ins. Co., 28 Misc. 2d 451, 212 N.Y.S.2d 538 (Sup. Ct. 1961)

**Ohio**

Visintine & Co. v. New York, C. & St. L. R. Co., 169 Ohio St. 505, 9 Ohio Op. 2d 4, 160 N.E.2d 311 (1959) ("It is urged by the defendants that the contracts between them and the state of Ohio do no clearly show an intent to benefit the plaintiff, and that such an intent cannot be implied. And several cases from outside Ohio to that effect are cited to us by the defendants. However, there appears to be no unanimity of opinion on this subject.")

**Okla.**

Franklin Cas. Ins. Co. v. Jones, 1961 OK 124, 362 P.2d 964 (Okla. 1961) (to recover as a third party beneficiary, the third party must be a party to the consideration or the contract must have been entered into for his benefit)

**Or.**

Sisters of St. Joseph of Peace, Health, and Hosp. Services v. Russell, 318 Or. 370, 867 P.2d 1377 (1994) (third party's right to enforce contractual promise in its favor depends on intention of parties to contract; if third party has paid no value and there is no intention to confer contract right on party, then that party is incidental beneficiary who is not entitled to action on contract)

### A.L.R. Library

Liability of security services company to injured employee as beneficiary of security services contract between company and employer, 75 A.L.R. 4th 836.

Right of owner's employee, injured by subcontractor, to recover against general contractor for breach of contract between latter and owner requiring contractor and subcontractors to carry insurance, 22 A.L.R. 2d 647.

Right of third person not named in bond or other contract conditioned for support of, or services to, another, to recover thereon, 11 A.L.R. 2d 1010.

### Law Reviews and Other Periodicals

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Powers, Expanded Liability and the Intent Requirement in Third Party Beneficiary Contracts, 1993 Utah L Rev 67.

[FN8] See § 37:7.

[FN9] Restatement (Second) of Contracts § 302.

[FN10] Restatement (Second) of Contracts § 302.

[FN11] See e.g.:

**Fifth Circuit**
Talman Home Federal Sav. & Loan Ass'n of Illinois v. American Bankers Ins., 924 F.2d 1347 (5th Cir. 1991) (applying Texas law; presumption is that parties contract for themselves, and a contract will not be construed as having been made for benefit of a third person unless it clearly appears that this was the intention of contracting parties; moreover, any intent of contracting parties to benefit a third party must be derived solely from language of the contract)

**Ninth Circuit**
Hairston v. Pacific 10 Conference, 101 F.3d 1315, 114 Ed. Law Rep. 771 (9th Cir. 1996), as amended, (Dec. 19, 1996) (applying Washington law; the test of intent to create a third party beneficiary contract is an objective one; the key is not whether the contracting parties had an altruistic motive or desire to benefit the third party, but rather whether performance under the contract would necessarily and directly benefit that party)

**Tenth Circuit**
U.S. v. United Services Auto. Ass'n, 968 F.2d 1000 (10th Cir. 1992) (because third party beneficiary can enforce contract under Kansas law if it is entitled to receive benefits from the contract, the intent to benefit third party must be clearly expressed in the contract)

**Ill.**
Altevogt v. Tom Brinkoetter and Co., 81 Ill. App. 3d 711, 37 Ill. Dec. 209, 401 N.E.2d 1302 (4th Dist. 1980), judgment aff'd in part, rev'd in part on other grounds, 85 Ill. 2d 44, 51 Ill. Dec. 674, 421 N.E.2d 182 (1981) (citing text)

[FN12]
**First Circuit**
Public Service Co. of New Hampshire v. Hudson Light and Power Dept., 938 F.2d 338 (1st Cir. 1991) (applying Massachusetts law; contractual promise and its circumstantial setting must evince intent on the part of the promisee, to confer benefit of promised performance on third party in order for that party to be an intended beneficiary; manifestation of parties' intent may be evinced in the context, as well as the text, of the contract, but it is only the manifested intent of the contracting parties that is material to third party beneficiary analysis; citing Restatement (Second) of Contracts)

**Second Circuit**
In re Gubelman, 13 F.2d 730, 48 A.L.R. 1037 (C.C.A. 2d Cir. 1926), rev'd on other grounds, 275 U.S. 359, 48 S. Ct. 167, 72 L. Ed. 313 (1928) (for a third party contract to exist under federal common law it

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

"must appear that the parties intend to recognize him as the primary party in interest and as privy to the promise")

**Sixth Circuit**

Maumee Valley Electric Co. v. City of Toledo, 13 F.2d 98, 4 Ohio L. Abs. 704 (C.C.A. 6th Cir. 1926) (contract is a third party beneficiary contract where the parties "largely and primarily, even though not exclusively" intend to benefit the third party)

**Tenth Circuit**

Shebester v. Triple Crown Insurers, 974 F.2d 135 (10th Cir. 1992) (applying Oklahoma law; third party beneficiary need not be party to or be named in contract to attain third party beneficiary status; rather, determining factor is parties' intent as reflected in contract which must provide answer to question of whether contracting parties intended that third person should receive benefit which might be enforced in courts)

O'Connor v. R.F. Lafferty & Co., Inc., 965 F.2d 893 (10th Cir. 1992) (an intent to benefit a third party must be apparent from construction of contract in light of all surrounding circumstances to qualify that party as third party beneficiary)

**Ala.**

Swann v. Hunter, 630 So. 2d 374 (Ala. 1993) (intention of contracting parties, as disclosed by writing, if any, and surrounding circumstances known to parties, determines rights of alleged third party beneficiary)

**Ark.**

Cherry v. Tanda, Inc., 327 Ark. 600, 940 S.W.2d 457 (1997) (contract is actionable by third party if there is substantial evidence of clear intention to benefit that third party, and it is not necessary that third party be named in contract if he is member of a class of persons sufficiently described or designated in contract)

**Colo.**

Parrish Chiropractic Centers, P.C. v. Progressive Cas. Ins. Co., 874 P.2d 1049 (Colo. 1994) (for person who is not party to express contract to bring action on contract as intended beneficiary, intent of parties to agreement to benefit nonparty need not be expressly recited in contract, but intent must be apparent from terms of agreement, surrounding circumstances, or both)

**Conn.**

Colonial Discount Co. v. Avon Motors, 137 Conn. 196, 75 A.2d 507 (1950) (citing Byram case, below; " 'an intent that the promisor should assume a direct obligation to him [the beneficiary]' ")

Byram Lumber & Supply Co. v. Page, 109 Conn. 256, 146 A. 293 (1929)

**Ind.**

OEC-Diasonics, Inc. v. Major, 674 N.E.2d 1312 (Ind. 1996) (intent of contracting parties to bestow rights upon third party entitling such third party to enforce contract must affirmatively appear from language of instrument when properly interpreted and construed; however, it is not necessary that intent to benefit third party be demonstrated any more clearly than parties' intent regarding any other terms of

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Page 17 of 28

Case 1:08-cv-02364    Document 32-3    Filed 06/27/2008    Page 19 of 51

WILLSTN-CN § 37:8                                                                Page 16
13 Williston on Contracts § 37:8 (4th ed.)

contract)

**Md.**

Mackubin v. Curtiss-Wright Corp., 190 Md. 52, 57 A.2d 318 (1948) ("It must clearly appear that the parties intend to recognize him as the primary party in interest and as privy to the promise")

**Mich.**

Greenlees v. Owen Ames Kimball Co., 340 Mich. 670, 66 N.W.2d 227, 46 A.L.R.2d 1205 (1954)

**N.M.**

Jaramillo v. Providence Washington Ins. Co., 117 N.M. 337, 871 P.2d 1343 (1994) (intent to benefit third party must appear either from contract itself or from evidence that person claiming to be beneficiary is intended beneficiary)

**N.C.**

Raritan River Steel Co. v. Cherry, Bekaert & Holland, 329 N.C. 646, 407 S.E.2d 178 (1991) (in determining intent to benefit, and thus whether beneficiary of agreement made by others has right of action on agreement, court should consider circumstances surrounding transaction as well as actual language of agreement)

**Pa.**

Scarpitti v. Weborg, 530 Pa. 366, 609 A.2d 147 (1992) (party becomes third party beneficiary only where both parties to contract express intention to benefit third party in contract itself, unless circumstances are so compelling that recognition of beneficiary's right is appropriate to effectuate intention of parties, and performance satisfies obligation of promisee to pay money to beneficiary or circumstances indicate that promisee intends to give beneficiary benefit of promised performance)

Brill v. Brill, 282 Pa. 276, 127 A. 840 (1925) (intended beneficiary is one "whose interest and benefit are primarily served and as a matter of paramount purpose")

**A.L.R. Library**

Liability of security services company to injured employee as beneficiary of security services contract between company and employer, 75 A.L.R. 4th 836.
Right of owner's employee, injured by subcontractor, to recover against general contractor for breach of contract between latter and owner requiring contractor and subcontractors to carry insurance, 22 A.L.R. 2d 647.

[FN13] Restatement (Second) of Contracts, Reporter's Note ("The new language in the preamble of Subsection (1) takes account of factors not dependent on intention as stated in Comment d").

[FN14] As to objective and mutual standards of contract interpretation, generally, see Ch 31.

**First Circuit**

Public Service Co. of New Hampshire v. Hudson Light and Power Dept., 938 F.2d 338 (1st Cir. 1991) (applying Massachusetts law; contractual promise and its circumstantial setting must evince intent on the part of the promisee to confer benefit of promised performance on third party in order for that party to be an intended beneficiary; manifestation of parties' intent may be evinced in the context, as well as

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

the text, of the contract, but it is only the manifested intent of the contracting parties that is material to third party beneficiary analysis; citing Restatement (Second) of Contracts)

**Colo.**
Parrish Chiropractic Centers, P.C. v. Progressive Cas. Ins. Co., 874 P.2d 1049 (Colo. 1994) (for person who is not party to express contract to bring action on contract as intended beneficiary, intent of parties to agreement to benefit nonparty need not be expressly recited in contract, but intent must be apparent from terms of agreement, surrounding circumstances, or both)

**Ind.**
OEC-Diasonics, Inc. v. Major, 674 N.E.2d 1312 (Ind. 1996) (intent of contracting parties to bestow rights upon third party entitling such third party to enforce contract must affirmatively appear from language of instrument when properly interpreted and construed; however, it is not necessary that intent to benefit third party be demonstrated any more clearly than parties' intent regarding any other terms of contract)

**N.C.**
Raritan River Steel Co. v. Cherry, Bekaert & Holland, 329 N.C. 646, 407 S.E.2d 178 (1991) (in determining intent to benefit, and thus whether beneficiary of agreement made by others has right of action on agreement, court should consider circumstances surrounding transaction as well as actual language of agreement)

[FN15]
**Tenth Circuit**
Willis v. E.I. Du Pont De Nemours & Co., 76 F. Supp. 1010 (E.D. Okla. 1948), judgment rev'd on other grounds, 171 F.2d 51 (10th Cir. 1948)
See also:

**Iowa**
Bridgman v. Curry, 398 N.W.2d 167 (Iowa 1986) (quoting text)

D.R.R. v. English Enterprises, CATV, Div. of Gator Transp., Inc., 356 N.W.2d 580 (Iowa Ct. App. 1984) (quoting text)

**N.Y.**
In re Conay's Estate, 29 Misc. 2d 1090, 121 N.Y.S.2d 481 (Sur. Ct. 1953), opinion adhered to on reargument, 29 Misc. 2d 1095, 125 N.Y.S.2d 62 (Sur. Ct. 1953), decree aff'd by, 284 A.D. 950, 135 N.Y.S.2d 626 (1st Dep't 1954)

**Or.**
Providence Memorial Ass'n v. Providence Missionary Baptist Church, 241 Or. 194, 405 P.2d 545 (1965)

**A.L.R. Library**

Liability of security services company to injured employee as beneficiary of security services contract between company and employer, 75 A.L.R. 4th 836.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

WILLSTN-CN § 37:8
13 Williston on Contracts § 37:8 (4th ed.)

Page 18

**[FN16]**
**Iowa**
Bridgman v. Curry, 398 N.W.2d 167 (Iowa 1986) (quoting former text)

D.R.R. v. English Enterprises, CATV, Div. of Gator Transp., Inc., 356 N.W.2d 580 (Iowa Ct. App. 1984) (quoting text)

**Me.**
F.O. Bailey Co., Inc. v. Ledgewood, Inc., 603 A.2d 466 (Me. 1992) (in order to prevail on third party beneficiary contract claim, plaintiffs have to demonstrate that promisee intended to give plaintiffs benefit of performance; such intention is gathered from language of written instruments and circumstances under which they were executed)

**N.J.**
Schlossbach v. Francis-Smith, 3 N.J. Super. 368, 65 A.2d 560 (Ch. Div. 1949)

**N.Y.**
Zweig v. Metropolitan Life Ins. Co., 73 Misc. 2d 93, 340 N.Y.S.2d 817 (City Civ. Ct. 1972) (quoting text)

**Or.**
Providence Memorial Ass'n v. Providence Missionary Baptist Church, 241 Or. 194, 405 P.2d 545 (1965)

**W. Va.**
Ison v. Daniel Crisp Corp., 146 W. Va. 786, 122 S.E.2d 553 (1961) (in the absence of a provision in a contract specifically stating that such contract shall inure to the benefit of a third person, there is a presumption that the contracting parties did not so intend, and the presumption may be overcome only by proof so strong as to be tantamount to an express declaration)

**[FN17]**
**Third Circuit**
Isbrandtsen Co. v. Local 1291 of International Longshoremen's Ass'n, 204 F.2d 495 (3d Cir. 1953)

**Conn.**
Rapaport and Benedict, P.C. v. City of Stamford, 39 Conn. App. 492, 664 A.2d 1193 (1995) (citing text)

**Ill.**
Carson Pirie Scott & Co. v. Parrett, 346 Ill. 252, 178 N.E. 498, 81 A.L.R. 1262 (1931)

New York, C. & St. L. R. Co. v. Erie R. Co., 346 Ill. App. 356, 105 N.E.2d 518 (1st Dist. 1952)

**Pa.**
Mowrer v. Poirier & McLane Corp., 382 Pa. 2, 114 A.2d 88 (1955)

**Tenn.**
Moore Const. Co., Inc. v. Clarksville Dept. of Electricity, 707 S.W.2d 1 (Tenn. Ct. App. 1985) (citing

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

text)

[FN18]
**First Circuit**
Moosehead Sanitary Dist. v. S. G. Phillips Corp., 610 F.2d 49 (1st Cir. 1979) (citing text)

**Second Circuit**
Trans-Orient Marine Corp. v. Star Trading & Marine, Inc., 925 F.2d 566 (2d Cir. 1991) (applying New York law; intended third party beneficiary will be found when it is appropriate to recognize right to performance in third party and circumstances indicate that promisee intends to give third party benefit of promised performance)

**Fifth Circuit**
Matter of Oxford Management, Inc., 4 F.3d 1329 (5th Cir. 1993) (applying Louisiana law; third party beneficiary contract is created when party entitled to receive benefit, the promisee, instructs promisor to confer benefit upon third party, and promisor then agrees to do so)

International Erectors, Inc. v. Wilhoit Steel Erectors and Rental Service, 400 F.2d 465 (5th Cir. 1968) (quoting text)

**Sixth Circuit**
Gooch v. Buford, 262 F. 894 (C.C.A. 6th Cir. 1920)

**Seventh Circuit**
Cooper Power Systems, Inc. v. Union Carbide Chemicals & Plastics Co., Inc., 123 F.3d 675, 33 U.C.C. Rep. Serv. 2d (CBC) 803 (7th Cir. 1997) (applying Ohio law; for noncontracting person to be considered third party beneficiary, there must be evidence, on part of promisee, that he intended to directly benefit that person, and not simply that some incidental benefit was conferred on him by promisee's actions under contract; there must be evidence that promisee assumed duty to that third party)

**Eighth Circuit**
McCulloch v. Canadian Pac. Ry. Co., 53 F. Supp. 534 (D. Minn. 1943) (stating: "the courts look primarily to the intent of the promisee")

**Ninth Circuit**
U.S. v. Nationwide Mut. Ins. Co., 499 F.2d 1355 (9th Cir. 1974) (applying Washington law; third party beneficiaries may enforce contracts intended to benefit them, and intention of promisee is controlling)

**Tenth Circuit**
Hamill v. Maryland Cas. Co., 209 F.2d 338 (10th Cir. 1954)

ITT Indus. Credit Co. v. L-P Gas Equipment, Inc., 453 F. Supp. 671 (W.D. Okla. 1978) (quoting text)

**Alaska**
Howell v. Ketchikan Pulp Co., 943 P.2d 1205 (Alaska 1997) (to bestow third party beneficiary stature on individual, parties to contract must have intended their contract to benefit individual; motives of parties, including those of promisee, are determinative)

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Cal.**
Johnson v. Holmes Tuttle Lincoln-Mercury, Inc., 160 Cal. App. 2d 290, 325 P.2d 193 (2d Dist. 1958) (where the seller of automobile promised the purchaser to obtain "full coverage" insurance for him, persons sustaining injuries through a collision with said automobile, on which no liability insurance had been effected, were allowed to recover as third party beneficiaries against the seller)

**Conn.**
Stowe v. Smith, 184 Conn. 194, 441 A.2d 81 (1981) (citing text)

Grigerik v. Sharpe, 45 Conn. App. 775, 699 A.2d 189 (1997), certification granted in part, 243 Conn. 918, 701 A.2d 342 (1997) and certification granted in part, 243 Conn. 918, 701 A.2d 342 (1997) and judgment rev'd on other grounds, 247 Conn. 293, 721 A.2d 526 (1998) (quoting text)

Rapaport and Benedict, P.C. v. City of Stamford, 39 Conn. App. 492, 664 A.2d 1193 (1995) (citing text)

**Ill.**
People ex rel. Resnik v. Curtis & Davis, Architects & Planners, Inc., 78 Ill. 2d 381, 36 Ill. Dec. 338, 400 N.E.2d 918 (1980) (citing text)

**Iowa**
Midwest Dredging Co. v. McAninch Corp., 424 N.W.2d 216 (Iowa 1988) (citing text)

Khabbaz v. Swartz, 319 N.W.2d 279, 30 A.L.R.4th 461 (Iowa 1982) (quoting text)

**Ky.**
Hendrix Mill & Lumber Co. v. Meador, 228 Ky. 844, 16 S.W.2d 482 (1929)

**Me.**
F.O. Bailey Co., Inc. v. Ledgewood, Inc., 603 A.2d 466 (Me. 1992) (in order to prevail on third party beneficiary contract claim, plaintiffs have to demonstrate that promisee intended to give plaintiffs benefit of performance; such intention is gathered from language of written instruments and circumstances under which they were executed)

**Mass.**
Spinner v. Nutt, 417 Mass. 549, 631 N.E.2d 542 (1994) (party is intended beneficiary of contract where circumstances indicate that promisee intends to give beneficiary benefit of promised performance; citing Restatement (Second) of Contracts § 302(1)(b))

**N.Y.**
Vrooman v. Turner, 69 N.Y. 280, 1877 WL 11949 (1877) ("To give a third party who may derive a benefit from the performance of the promise, an action, there must be, first, an intent by the promisee to secure some benefit to the third party")

Key Intern. Mfg., Inc. v. Morse/Diesel, Inc., 142 A.D.2d 448, 536 N.Y.S.2d 792 (2d Dep't 1988) (citing text)

Goodman-Marks Associates, Inc. v. Westbury Post Associates, 70 A.D.2d 145, 420 N.Y.S.2d 26 (2d

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

WILLSTN-CN § 37:8
13 Williston on Contracts § 37:8 (4th ed.)

Page 21

Dep't 1979) (citing text)

**Ohio**
cf.: Visintine & Co. v. New York, C. & St. L. R. Co., 169 Ohio St. 505, 9 Ohio Op. 2d 4, 160 N.E.2d 311 (1959) (it was indicated that the test is to bring about the entire result that the performance would attain and the question is not whose interest and benefit are primarily subserved, but what was the performance contracted for and what is the best way to bring it about)

**S.D.**
cf.: Kary v. Kary, 318 N.W.2d 334 (S.D. 1982) (where there is a close familial or benevolent nexus between the promisee and the beneficiary, the primary focus is placed on the subjective intention of the promisee)

**Wash.**
Ridder v. Blethen, 24 Wash. 2d 552, 166 P.2d 834 (1946) (quoting Restatement of Contracts § 133)

**Wis.**
Mitler v. Associated Contractors, Inc., 4 Wis. 2d 568, 91 N.W.2d 367 (1958) (fact that third party was not a party to the contract was immaterial to question of whether he was entitled to performance because the contract was subscribed by the party promising performance; citing text)

**Wyo.**
Peters Grazing Ass'n v. Legerski, 544 P.2d 449 (Wyo. 1975) (quoting text)

[FN19]
**Pa.**
Scarpitti v. Weborg, 530 Pa. 366, 609 A.2d 147 (1992) (although the Pennsylvania courts had adopted Restatement (Second) of Contracts § 302, at least to allow a beneficiary of a will to recover for legal malpractice against an attorney, despite the fact that the beneficiary was not in privity of contract with the attorney and was not named specifically as an intended beneficiary of the contract, court held "that a party becomes a third party beneficiary only where both parties to the contract express an intention to benefit the third party in the contract itself, ... unless, the circumstances are so compelling that recognition of the beneficiary's right is appropriate to effectuate the intention of the parties, and the performance satisfies an obligation of the promisee to pay money to the beneficiary or the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.")

[FN20]
**Seventh Circuit**
Holbrook v. Pitt, 643 F.2d 1261 (7th Cir. 1981) (it is not merely the intention of the "promisee" that is determinative of a third party beneficiary claim as contracts are the product of shared intentions, and a promisor should be bound only by those objectively manifested intentions of the promisee to which the promisor has implicitly or explicitly assented, and it is improper to neglect reasonable expectations of the promisor)

**Wyo.**
Peters Grazing Ass'n v. Legerski, 544 P.2d 449 (Wyo. 1975) (insofar as intent to benefit a third party is important in determining his right to bring an action under a contract, it is sufficient that the promisor

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

must have understood that the promisee had such intent; no specific manifestation by the promisor of an intent to benefit the third party is required)

[FN21]
**Sixth Circuit**
King v. National Industries, Inc., 512 F.2d 29 (6th Cir. 1975) (one is a "donee beneficiary" of contract having rights thereunder if purpose of promisee in making promise is to make a gift to the beneficiary; relevant intent is that of promisee who purchases promise of promisor)

**Ark.**
Coley v. English, 235 Ark. 215, 357 S.W.2d 529 (1962) (one is a donee beneficiary if it appears from the terms of the promise, in view of accompanying circumstances, that purpose of promisee in obtaining the promise of all or part of the performance is to make a gift to or confer right of action upon the beneficiary)

**Cal.**
Martinez v. Socoma Companies, Inc., 11 Cal. 3d 394, 113 Cal. Rptr. 585, 521 P.2d 841 (1974) (person is donee beneficiary only if promisee's contractual intent is either to make gift to him or to confer on him right against promisor, but even though person is not intended recipient of gift, he may nevertheless be donee beneficiary if it appears from terms of promise, in view of accompanying circumstances, that purpose of promisee in obtaining the promise is to confer upon him a right against promisor to some performance neither due nor supposed or asserted to be due from promisee to beneficiary)

**Iowa**
Iowa Power & Light Co. v. Abild Const. Co., 259 Iowa 314, 144 N.W.2d 303 (1966) (one is donee beneficiary if it appears from terms of promise, in light of surrounding circumstances, that purpose of promisee in obtaining promise of all or part of performance thereof is to make a gift to beneficiary or to confer upon him right against promisor to some performance neither due nor supposed or asserted to be due from the promisee to beneficiary)

**Mont**
Malek v. Patten, 208 Mont. 237, 678 P.2d 201 (1984) (where performance of promise in a contract will benefit a person other than promisee, that person is a donee beneficiary if it appears from terms of promise, in view of the accompanying circumstances, that purpose of the promise is to make a gift to the beneficiary or to confer upon him a right against the promisor to some performance not due from promisee)

**Wis.**
Mitler v. Associated Contractors, Inc., 4 Wis. 2d 568, 91 N.W.2d 367 (1958) ("Williston points out that under the Restatement [Contracts § 133] an intent to benefit the third party beneficiary is only material in the case of a donee beneficiary and not when such third party is a creditor beneficiary.")

[FN22]
**Cal.**
Hartman Ranch Co. v. Associated Oil Co., 10 Cal. 2d 232, 73 P.2d 1163 (1937) (citing text)

Danker v. Lee, 137 Cal. App. 2d 797, 291 P.2d 73 (4th Dist. 1955)

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

WILLSTN-CN § 37:8
13 Williston on Contracts § 37:8 (4th ed.)

Page 23

**Del.**
Oliver B. Cannon & Sons, Inc. v. Dorr-Oliver Inc., 312 A.2d 322 (Del. Super. Ct. 1973) (it is not necessary that a creditor beneficiary be named and identified as an individual; citing text)

**D.C.**
Moran v. Audette, 217 A.2d 653 (D.C. 1966) (citing text)

**Okla.**
Neff v. Jones, 1955 OK 233, 288 P.2d 712 (Okla. 1955)

**Wis.**
Mitler v. Associated Contractors, Inc., 4 Wis. 2d 568, 91 N.W.2d 367 (1958)

## Law Reviews and Other Periodicals

Whittier, Contract Beneficiaries, 32 Yale LJ 790.
Williston, Contracts for the Benefit of a Third Person, 12 Harv L Rev 767.

[FN23] See §§ 37:12 et seq.

[FN24]
**Ohio**
Visintine & Co. v. New York, C. & St. L. R. Co., 169 Ohio St. 505, 9 Ohio Op. 2d 4, 160 N.E.2d 311 (1959)

## Law Reviews and Other Periodicals

Whittier, Contract Beneficiaries, 32 Yale LJ 790.
Williston, Contracts for the Benefit of a Third Person, 12 Harv L Rev 767.

[FN25]
**Conn.**
Byram Lumber & Supply Co. v. Page, 109 Conn. 256, 146 A. 293 (1929)
See also:

**Conn.**
Colonial Discount Co. v. Avon Motors, 137 Conn. 196, 75 A.2d 507 (1950) (quoting the preceding passage with approval, and further saying: " 'Intent' which must exist on part of parties to contract in order to permit third party to sue is not desire or purpose to confer particular benefit upon [third party], but an intent that the promisor should assume a direct obligation to [third party].")

[FN26]
**Cal.**
Johnson v. Holmes Tuttle Lincoln-Mercury, Inc., 160 Cal. App. 2d 290, 325 P.2d 193 (2d Dist. 1958) (applying the test laid down in Le Ballister v. Redwood Theatres, 1 Cal. App. 2d 447, 36 P.2d 827 (1st Dist. 1934), namely, "whether an intent to benefit a third person appears from the terms of the con- tract")

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

[FN27]
**Fifth Circuit**
International Erectors, Inc. v. Wilhoit Steel Erectors and Rental Service, 400 F.2d 465 (5th Cir. 1968) (quoting text)

**Tenth Circuit**
Hamill v. Maryland Cas. Co., 209 F.2d 338 (10th Cir. 1954) (quoting text)

**Pa.**
Mowrer v. Poirier & McLane Corp., 382 Pa. 2, 114 A.2d 88 (1955)

**Wash.**
American Pipe & Const. Co. v. Harbor Const. Co., 51 Wash. 2d 258, 317 P.2d 521 (1957)

**A.L.R. Library**

Tenant's capacity to sue independent contractor, as third-party beneficiary, for breach of contract between landlord and such contractor for repair or remodeling work, 46 A.L.R. 2d 1210.

[FN28]
**Fifth Circuit**
U.S. v. Huff, 165 F.2d 720, 1 A.L.R.2d 854 (C.C.A. 5th Cir. 1948) (quoting text)

[FN29]
**Ill.**
Merchants Loan & Trust Co., for Use of Schaaf, v. Ummach, 228 Ill. App. 67, 1923 WL 3153 (1st Dist. 1923), cert. denied

[FN30] As to what is an incidental beneficiary, see §§ 37:7, 37:19.

**Conn.**
Stowe v. Smith, 184 Conn. 194, 441 A.2d 81 (1981) (citing text)

**Iowa**
Khabbaz v. Swartz, 319 N.W.2d 279, 30 A.L.R.4th 461 (Iowa 1982) (quoting text)

[FN31]
**Pa.**
Mowrer v. Poirier & McLane Corp., 382 Pa. 2, 114 A.2d 88 (1955) (where a plaintiff bailed a tractor to a contractor on a state construction project, the plaintiff was held to be a donee beneficiary under the construction contract)

[FN32]
**Eighth Circuit**
Johnson Farm Equipment Co. v. Cook, 230 F.2d 119 (8th Cir. 1956)

[FN33] See § 37:7.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

[FN34]
**Ohio**
Visintine & Co. v. New York, C. & St. L. R. Co., 169 Ohio St. 505, 9 Ohio Op. 2d 4, 160 N.E.2d 311 (1959)

[FN35] Restatement (Second) of Contracts § 302, comment d.

[FN36]
**Fifth Circuit**
Phoenix Indem. Co. v. Givens, 263 F.2d 858 (5th Cir. 1959) (where the court sustained an action against insured and insurance companies brought by third party injured in a highway accident)

cf.: Pugh v. Oklahoma Farm Bureau Mut. Ins. Co., 159 F. Supp. 155 (E.D. La. 1958) (noting effect of direct action statute)

**Del.**
Wiebel v. American Farmers Mut. Ins. Co., 51 Del. 151, 140 A.2d 712 (Super. Ct. 1958)

**Ga.**
American Cas. Co. v. Fisher, 195 Ga. 136, 23 S.E.2d 395, 144 A.L.R. 533 (1942)

**Idaho**
Anneker v. Quinn-Robbins Co., 80 Idaho 1, 323 P.2d 1073 (1958)

Ford v. City of Caldwell, 79 Idaho 499, 321 P.2d 589 (1958)

Pigg v. Brockman, 79 Idaho 233, 314 P.2d 609 (1957)

**Ill.**
General Acc. Fire & Life Assur. Corp. v. Lindenmier, 16 Ill. App. 2d 585, 149 N.E.2d 343 (2d Dist. 1958)

Kienstra for Use of Aetna Cas. & Sur. Co. v. Madison County Mut. Auto. Ins. Co., 316 Ill. App. 238, 44 N.E.2d 944 (4th Dist. 1942)

**Mass.**
Polito v. Galluzzo, 337 Mass. 360, 149 N.E.2d 375 (1958)

**Miss.**
Merchants Co. v. Hartford Acc. & Indem. Co., 187 Miss. 301, 188 So. 571 (1939), error overruled, 187 Miss. 301, 192 So. 566 (1940)

**Mo.**
Quality Dairy Co. v. Ft. Dearborn Cas. Underwriters, 16 S.W.2d 613 (Mo. Ct. App. 1929)

**Tex.**
Southern Farm Bureau Cas. Ins. Co. v. Bohls, 304 S.W.2d 534 (Tex. Civ. App. Austin 1957), writ refused n.r.e.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

13 Williston on Contracts § 37:8 (4th ed.)

[FN37]
**Fourth Circuit**
Hirsch v. Blue Cross and Blue Shield of Maryland, Inc., 1991 WL 502004 (D. Md. 1991) (citing text)

Caudill v. Blue Cross-Blue Shield of North Carolina, 1992 WL 486661 (E.D.N.C. 1992), judgment aff'd, 999 F.2d 74 (4th Cir. 1993) (citing text)

**Sixth Circuit**
Parks v. Prudential Ins. Co. of America, 103 F. Supp. 493 (E.D. Tenn. 1951), judgment aff'd, 195 F.2d 302 (6th Cir. 1952) (holder of beneficial interest in group insurance policy has contractual right to sue insurance company)

[FN38] As to the enforcement of collective bargaining agreements, generally, see the chapter on Labor Collective Bargaining Agreements.

**U.S. Supreme Court**
J.I. Case Co. v. N.L.R.B., 321 U.S. 332, 64 S. Ct. 576, 88 L. Ed. 762 (1944) ("But, however engaged, an employee becomes entitled by virtue of the Labor Relations Act somewhat as a third party beneficiary to all benefits of the collective trade agreement")

**Fifth Circuit**
Woodward Iron Co. v. Ware, 261 F.2d 138 (5th Cir. 1958) ("Whatever the rationale, most courts will allow an individual employee to sue his employer to enforce rights personal to the employee derived from a collective contract")

**Ohio**
Wesley v. Electric Auto-Lite Co., 10 Ohio Op. 2d 122, 80 Ohio L. Abs. 276, 155 N.E.2d 713 (C.P. 1959) (employee entitled to enforce collective bargaining agreement made for his benefit, particularly with respect to seniority rights which employer had ignored)

[FN39] Sections 2-318 and 2A-216 of the Uniform Commercial Code expressly make certain parties third party beneficiaries to warranties issued in connection with the sale or lease of goods. Three alternative wordings are supplied for selection by the states and several states have varied the wording of these alternatives. Generally, see § 37:39.

**Second Circuit**
Rachlin v. Libby-Owens-Ford Glass Co., 96 F.2d 597 (C.C.A. 2d Cir. 1938)

**La.**
Le Blanc v. Louisiana Coca Cola Bottling Co., 221 La. 919, 60 So. 2d 873 (1952) (a consumer, not the purchaser, could properly bring an action on the manufacturer's implied warranty of fitness for human consumption)

[FN40]
**N.Y.**
Vandewater & Lapp v. Sacks Builders, Inc., 20 Misc. 2d 677, 186 N.Y.S.2d 103 (App. Term 1959) (where a subsequent purchaser, having relied upon a certified map filed as a public record as required

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

by law, was held to be a member of a class intended to be benefited by a contract between the surveyor and the original grantor, and a counterclaim against the surveyor for damages was sustained)

[FN41]
**Third Circuit**
Isbrandtsen Co. v. Local 1291 of International Longshoremen's Ass'n, 204 F.2d 495 (3d Cir. 1953)

**Ninth Circuit**
MacKay v. Loew's, Inc., 182 F.2d 170, 18 A.L.R.2d 348 (9th Cir. 1950) ("The employee, in addition to having rights under his individual contract of employment, may sue directly on collective bargaining contract as a third party beneficiary to enforce the provisions in the contract … for his benefit.")

**Ark.**
H. B. Deal & Co. v. Head, 221 Ark. 47, 251 S.W.2d 1017 (1952) (the court said: "The plaintiffs were not mere 'incidental beneficiaries', but were 'direct beneficiaries', and are entitled to proceed under the" third party beneficiary doctrine)

[FN42]
**Eighth Circuit**
Johnson Farm Equipment Co. v. Cook, 230 F.2d 119 (8th Cir. 1956)

[FN43] See §§ 37:30 et seq.

[FN44] Restatement (Second) of Contracts § 302.

[FN45]
**Del.**
Wilmington Housing Authority, for Use of Simeone v. Fidelity & Deposit Co. of Md., 42 Del. 567, 41 A.2d 826 (Super. Ct. 1945), aff'd in part, rev'd in part on other grounds, 43 Del. 381, 47 A.2d 524, 170 A.L.R. 1288 (1946)

[FN46]
**Conn.**
Byram Lumber & Supply Co. v. Page, 109 Conn. 256, 146 A. 293 (1929) (adopting the language of Baurer v. Devenes, 99 Conn. 203, 121 A. 566 (1923))

© 2007 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

WILLSTN-CN § 37:8

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT "CC"

```
[Code of Federal Regulations]
[Title 16, Volume 2]
[Revised as of January 1, 2008]
From the U.S. Government Printing Office via GPO Access
[CITE: 16CFR1117]

[Page 181-184]
```

TITLE 16--COMMERCIAL PRACTICES

CHAPTER II--CONSUMER PRODUCT SAFETY COMMISSION

PART 1117_REPORTING OF CHOKING INCIDENTS INVOLVING MARBLES, SMALL BALLS, LATEX

BALLOONS AND OTHER SMALL PARTS--Table of Contents

Sec.
1117.1 Purpose.
1117.2 Definitions.
1117.3 Reportable information.
1117.4 Time for filing a report.
1117.5 Information that must be reported and to whom.
1117.6 Relation to section 15(b) of the CPSA.
1117.7 Confidentiality of reports.
1117.8 Effect of reports on liability.
1117.9 Prohibited acts and sanctions.

    Authority: Section 102 of the Child Safety Protection Act (Pub. L.
No. 103-267), section 16(b), 15 U.S.C. 2065(b) and 5 U.S.C. 553.

    Source: 60 FR 10493, Feb. 27, 1995, unless otherwise noted.


Sec. 1117.1  Purpose.

    The purpose of this part is to set forth the Commission's
interpretative regulations for reporting of choking incidents required
by the Child Safety Protection Act. The statute requires that each
manufacturer, distributor, retailer, and importer of a marble, small
ball, or latex balloon, or a toy or a game that contains a marble, small
ball, latex balloon, or other small part, shall report to the Commission
any information obtained by such manufacturer, distributor, retailer, or
importer which reasonably supports the conclusion that an incident
occurred in which a child (regardless of age) choked on such a marble,
small ball, or latex balloon or on a marble, small ball, latex balloon,
or other small part contained in such toy or game and, as a result of
that incident the child died, suffered serious injury, ceased breathing
for any length of time, or was treated by a medical professional.


Sec. 1117.2  Definitions.

    (a) Small part means any part, component, or piece of a toy or game,
which, when tested in accordance with the procedures in 16 CFR 1501.4(a)
and 1501.4(b)(1), fits entirely within the cylinder shown in Figure 1
appended to 16 CFR 1501.
    (b) Small ball means any ball that under the influence of its own
weight, passes, in any orientation, entirely through a circular hole
```

with a diameter of 1.75 inches (4.445 cm) in a rigid template .25 inches (6 mm.) thick. For purposes of this designation, the term ``ball'' includes any spherical, ovoid, or ellipsoidal object that is designed or intended to be thrown, hit, kicked, rolled, or bounced, and is either not permanently attached to another toy or article, or is attached to such a toy or article by means of a string, elastic cord, or similar tether. The term ball includes any multi-sided object formed by connecting planes into a generally spherical, ovoid, or ellipsoidal shape that is designated or intended to be used as a ball, and any novelty item of a generally spherical, ovoid, or ellipsoidal shape that is designated or intended to be used as a ball.

(c) Choked means suffered an obstruction of the airways.

(d) A latex balloon is a toy or decorative item consisting of a latex bag that is designed to be inflated by air or gas. The term does not include inflatable

[[Page 182]]

children's toys that are used in aquatic activities, such as rafts, water wings, life rings, etc.

(e) A marble is a ball made of a hard material, such as glass, agate, marble or plastic, that is used in various children's games, generally as a playing piece or marker.

(f) Serious injury includes not only the concept of ``grievous bodily injury'' defined in the Commission's rule for Substantial Hazard Reports at 16 CFR 1115.12(d), but also any other significant injury. Injuries necessitating hospitalization which require actual medical or surgical treatment and injuries necessitating absence from school or work of more than one day are examples of situations in which the Commission shall presume that such a serious injury has occurred.

(g) Subject firm means any manufacturer, distributor, retailer or importer of marbles, small balls, latex balloons, or a toy or game that contains a marble, small ball, latex balloon, or other small part.

(h) Toy or game includes any toy or game, including those exempt under 16 CFR 1501.3 from the small parts banning provisions of 16 CFR 1500.18(a)(9).

[60 FR 10493, Feb. 27, 1995, as amended at 60 FR 41801, Aug. 14, 1995]


Sec. **1117**.3  Reportable information.

A subject firm shall report any information it obtains which reasonably supports the conclusion that a reportable incident occurred. Generally, firms should report any information provided to the company, orally or in writing, which states that a child choked on a marble, small ball, latex balloon, or on a marble, small ball, latex balloon or other small part contained in a toy or game and, as a result of that incident the child died, suffered serious injury, ceased breathing for any length of time, or was treated by a medical professional. Subject firms must not wait until they have investigated the incident or conclusively resolved whether the information is accurate or whether their product was involved in the incident. Firms shall not wait to determine conclusively the cause of the death, injury, cessation of breathing or necessity for treatment. An allegation that such a result followed the choking incident is sufficient to require a report.


Sec. **1117**.4  Time for filing a report.

(a) A subject firm must report within 24 hours of obtaining
information which reasonably supports the conclusion that an incident
occurred in which a child (regardless of age) choked on a marble, small
ball, or latex balloon or on a marble, small ball, latex balloon, or
other small part contained in a toy or game and, as a result of that
incident the child died, suffered serious injury, ceased breathing for
any length of time, or was treated by a medical professional. Section
**1117**.5 of this part sets forth the information that must be reported.

(b) The Commission will deem a subject firm to have obtained
reportable information when the information has been received by an
official or employee who may reasonably be expected to be capable of
appreciating the significance of the information. Under ordinary
circumstances, 5 days shall be the maximum reasonable time for
information to reach such an employee, the Chief Executive Officer or
the official or employee responsible for complying with the reporting
requirements of section 102 of the Child Safety Protection Act.


Sec. **1117**.5  Information that must be reported and to whom.

(a) Reports shall be directed to the Division of Corrective Actions,
Consumer Product Safety Commission, 4330 East West Highway, Bethesda,
Maryland 20815 (Mailing Address: Washington, D.C. 20207) (Phone: 301-
504-0608, facsimile: 301-504-0359).

(b) Subject firms must report as much of the following information
as is known when the report is made:

(1) The name, address, and title of the person submitting the report
to the Commission,

(2) The name and address of the subject firm,

(3) The name and address of the child who choked and the person(s)
who notified the subject firm of the choking incident,

[[Page 183]]

(4) Identification of the product involved including the date(s) of
distribution, model or style number, a description of the product
(including any labeling and warnings), a description of the marble,
small ball, latex balloon or other small part involved, and pictures or
sample if available,

(5) A description of the choking incident and any injuries that
resulted or medical treatment that was necessary,

(6) Copies of any information obtained about the choking incident,

(7) Any information about changes made to the product or its
labeling or warnings with the intention of avoiding such choking
incidents, including, but not limited to, the date(s) of the change and
its implementation, and a description of the change. Copies of any
engineering drawings or product and label samples that depict the
change(s).

(8) The details of any public notice or other corrective action
planned by the firm,

(9) Such other information as appropriate.

(c) Retailers or distributors should supply as much of the
information required in paragraph (b) of this section as is available to
them but are not required to obtain information about product design
changes or recall activities from the product manufacturer.

(d) Within ten days of their initial report, subject firms must
supplement their reports to supply any of the information required by
paragraph (b) of this section that was not available at the time of the
initial report.

Sec. **1117**.6  Relation to section 15(b) of the CPSA.

Section 15(b) of the CPSA requires subject firms to report when they
obtain information which reasonably supports the conclusion that
products they distributed in commerce fail to comply with an applicable
consumer product safety rule or with a voluntary consumer product safety
standard upon which the Commission has relied under section 9 of the
CPSA, contain a defect which could create a substantial product hazard,
or create an unreasonable risk of serious injury or death. The
Commission's rules interpreting this provision are set forth at 16 CFR
part 1115. The requirements of section 102 of the CSPA and this part are
in addition to, but not to the exclusion of, the requirements in section
15(b) and part 1115. To comply with section 15(b), subject firms must
continue to evaluate safety information they obtain about their
products. Subject firms may have an obligation to report under section
15(b) of the CPSA whether or not they obtain information about choking
incidents. Firms must also comply with the lawsuit-reporting provisions
of section 37 of the CPSA, interpreted at 16 CFR part 1116.


Sec. **1117**.7  Confidentiality of reports.

The confidentiality provisions of section 6 of the CPSA, 15 U.S.C.
2055, apply to reports submitted under this part. The Commission shall
afford information submitted under this part the protection afforded to
information submitted under section 15(b), in accordance with section
6(b)(5) of the CPSA and subpart G of part 1101 of title 16 of the CFR.


Sec. **1117**.8  Effect of reports on liability.

A report by a manufacturer, distributor, retailer, or importer under
this part shall not be interpreted, for any purpose, as an admission of
liability or of the truth of the information contained in the report.


Sec. **1117**.9  Prohibited acts and sanctions.

(a) Whoever knowingly and willfully falsifies or conceals a material
fact in a report submitted under this part is subject to criminal
penalties under 18 U.S.C. 1001.
(b) A failure to report to the Commission in a timely fashion as
required by this part is a prohibited act under section 19(a)(3) of the
CPSA, 15 U.S.C. 2068(a)(3).
(c) A subject firm that knowingly fails to report is subject to
civil penalties under section 20 of the CPSA, 15 U.S.C. 2069. Knowing
means the having of actual knowledge or the presumed having of knowledge
deemed to be possessed by a reasonable person who acts in the
circumstances, including knowledge obtainable upon the exercise of due
care to ascertain the truth of representations. Section 20(d) of the
CPSA, 15 U.S.C. 2069(d).

[[Page 184]]

(d) Any person who knowingly and willfully violates section 19 of
this Act after having received notice of noncompliance from the
Commission may be subject to criminal penalties under section 21 of the
CPSA, 15 U.S.C. 2070.

Case 1:08-cv-02364     Document 32-3     Filed 06/27/2008     Page 36 of 51

# EXHIBIT "DD"

*16 CFR 1303.1*

§ 1303.1 Scope and application.

(a) In this part **1303,** the Consumer Product Safety Commission declares that paint and similar surface-coating materials for consumer use that contain lead or lead compounds and in which the lead content (calculated as lead metal) is in excess of 0.06 percent of the weight of the total nonvolatile content of the paint or the weight of the dried paint film (which paint and similar surface-coating materials are referred to hereafter as "lead-containing paint") are banned hazardous products under sections 8 and 9 of the Consumer Product Safety Act (CPSA), 15 U.S.C. 2057, 2058. (See parts 1145.1 and 1145.2 for the Commission's finding under section 30(d) of the Consumer Product Safety Act (CPSA) that it is in the public interest to regulate lead-containing paint and certain consumer products bearing such paint under the CPSA.) The following consumer products are also declared to be banned hazardous products:

(1) Toys and other articles intended for use by children that bear "lead-containing paint".

(2) Furniture articles for consumer use that bear "lead-containing paint".

(b) This ban applies to the products in the categories described in paragraph (a) of this section that are manufactured after February 27, 1978, and which are "consumer products" as that term is defined in section 3(a)(1) of the Consumer Product Safety Act. Accordingly, those of the products described above that are customarily produced or distributed for sale to or for use, consumption, or enjoyment of consumers in or around a household, in schools, in recreation, or otherwise are covered by the regulation. Paints and coatings for motor vehicles and boats are not included within the scope of the ban because they are outside the statutory definition of "consumer product". In addition to those products which are sold directly to consumers, the ban applies to products which are used or enjoyed by consumers after sale, such as paints used in residences, schools, hospitals, parks, playgrounds, and public buildings or other areas where consumers will have direct access to the painted surface.

(c) The Commission has issued the ban because it has found (1) that there is an unreasonable risk of lead poisoning in children associated with lead content of over 0.06 percent in paints and coatings to which children have access and (2) that no feasible consumer product safety standard under the CPSA would adequately protect the public from this risk.

# EXHIBIT "EE"

*16 CFR 1500.18*

§ **1500.18** Banned toys and other banned articles intended for use by children.

(a) Toys and other articles presenting mechanical hazards. Under the authority of sections 2(f)(1)(D) and 24 of the act and pursuant to the provisions of section 3(e) of the act, the Commission has determined that the following types of toys or other articles intended for use by children present a mechanical hazard within the meaning of section 2(s) of the act because in normal use, or when subjected to reasonably foreseeable damage or abuse, the design or manufacture presents an unreasonable risk of personal injury or illness:

(1) Any toy rattle containing, either internally or externally, rigid wires, sharp protrusions, or loose small objects that have the potential for causing lacerations, puncture wound injury, aspiration, ingestion, or other injury. (But see § 1500.86(a)(1)).

(2) Any toy having noisemaking components or attachments capable of being dislodged by the operating features of the toy or capable of being deliberately removed by a child, which toy has the potential for causing laceration, puncture wound injury, aspiration, ingestion, or other injury.

# EXHIBIT "FF"

*63 Am Jur 2d Products Liability § 713*

§ **713** Fitness for ordinary purposes

The Uniform Commercial Code provides that in order to be merchantable goods must be at least such as are fit for the ordinary purposes for which such goods are used.[31] Thus, a reconditioned clothes dryer that started a fire in its drum because of overheating was not fit for the purpose for which it was purchased.[32] However, in an action involving the collision of an automobile with a child riding on a bicycle, the child's knee being injured when the left front parking light broke on impact, the light was held to be merchantable, since it did not shatter under normal usage, but shattered under impact with metal, an external force.[33]

The implied warranty of merchantability is breached when a product of fair average quality does not pass in the trade as fit for the ordinary purpose for which it is used.[34] The question of fitness for ordinary purposes is largely one centering around reasonable consumer expectations.[35]

Reminder: Fitness for "ordinary purposes" is not the equivalent of fitness for a "particular purpose."[36]

A specific designation of goods by the buyer does not exclude the seller's obligation that they be fit for the general purposes appropriate to such goods.[37]

Under the Uniform Commercial Code, the term "fitness for ordinary purposes" means "reasonable fitness"[38] for ordinary use, or use in the manner ordinarily contemplated,[39] including both those uses that the manufacturer intended and those that are reasonably foreseeable.[40] A manufacturer's liability for product defects may also not be premised on the existence of an obvious hazard in the product that functions properly for its intended purpose.[41]

A product must adversely affect at least some significant number of persons before a question of merchantability arises, in terms of fitness for ordinary purposes.[42]

Goods are not fit for ordinary purposes where they are: (1) completely useless, or not fit for any purpose;[43] (2) are not fit for the expected or obvious purpose;[44] (3) where they break upon an early use for the ordinary purposes intended or expected;[45] (4) need frequent or extensive repairs;[46] or (5) are unsafe for use in a normal manner.[47] It is not necessary to prove a specific defect in the product that caused the injury; liability based on a product's lack of fitness can be evidenced by a malfunction, rather than any specific dereliction by manufacturer in constructing or designing the machinery.[48]

The fact that a product meets the specifications of a trade association safety code does not necessarily establish that the product is fit for its ordinary purposes.[49]

Observation: With respect to an implied warranty of merchantability theory as to prescription drugs, the reason why certain drugs are available only by prescription is that their use is not completely safe. The use of a warranty theory with respect to a case involving side effects is untenable, for it would impose liability on a manufacturer of prescription drugs when the ultimate consumer suffers any harmful side effects, even though the manufacturer has given a legally adequate warning.

Such a doctrine would make the drug manufacturer an insurer of the drug user's health. Although it is clear that there are risks associated with using certain drugs, this does not make the drugs unfit for the ordinary purposes for which they are used.[50] Hence, a retail druggist who properly fills the prescription of a medical doctor with a proper and unadulterated drug prescribed is not liable to patient-purchaser for breach of implied warranty of merchantability if the drug produces harmful effects upon the purchaser, as the very nature of prescription drugs precludes imposition of the warranty of fitness for ordinary purposes, each individual for whom they are prescribed being a unique organism who must be examined by a physician aware of the patient's condition and medical history.[51] And an action for breach of the implied warranty of merchantability cannot be maintained against a manufacturer of a drug where, although causing harmful side effects and, to that extent, unsafe, the drug accomplished the ordinary purpose for which it was made and used.[52]

# EXHIBIT "GG"

Case 1:08-cv-02364    Document 32-3    Filed 06/27/2008    Page 45 of 51

PRIVILEGE
392
PRIVILEGES

PRIVITY
393
PROBABLE

immunity held beyond the course of the law. And, again, it is defined to be an exemption from some burden or attendance, with which certain persons are indulged, from a supposition of the law that their public duties or services, or the offices in which they are engaged, are such as require all their time and care, and that therefore, without this indulgence, those duties could not be performed to that advantage which the public good demands." 55 S.E. 820, 823. See **executive privilege; informer's privilege; rape crisis counselor privilege.**

**PRIVILEGE AGAINST SELF-INCRIMINATION** see self-incrimination, privilege against.

**PRIVILEGED COMMUNICATIONS** communications which occur in a context of legal or other recognized professional confidentiality. The fact that certain communication is termed privileged allows the speakers to resist legal pressure to disclose its contents. See McCormick, Evidence §72 (4th ed. 1992). When communications are termed privileged, a breach of the concurrent confidentiality can result in a **civil suit in tort.** There are several forms of privileged communications, including: (1) communications in the sanctity of the marital relationship; (2) communications between a physician and patient; (3) communications between psychological counselors and their clients; (4) priest-penitent communications; (5) communications between an attorney and client; and (6) in some jurisdictions, communications between journalists and their sources. See N.J.R.E. 500–533. Notably absent, however, are a teacher-student privilege, 279 A. 2d 889, and a parent-child privilege, 326 F. Supp. 400, 406. The evidentiary privileges recognized in a federal court will depend upon federal common law or state rules of privilege since there are no specific evidentiary

privileges embodied in the federal rules of evidence. Fed. R. Evid. 501. See generally McCormick, supra, §§78–113. The usual effect of the legal determination of privileged communication is that the participants cannot be forced under legal compulsion to state the substance of the communication. Furthermore, one of the participants can enjoin the other from disclosing. See **attorney-client privilege; journalist's privilege; marital communications privilege; physician-patient privilege** (including psychotherapist-patient privilege); **priest-penitent privilege.** See also **informer's privilege; rape crisis counselor privilege; self-incrimination, privilege against.**

**PRIVILEGE FROM ARREST** the right of certain persons, granted by either a constitution, statute, or public policy, against being arrested while engaging in certain activities. For instance, the U.S. Constitution, Art. I, Sec. 6, Cl. 1, grants Senators and Representatives the privilege from arrest during their attendance at the session of their respective houses, and in going to or returning from the same.

**PRIVILEGES AND IMMUNITIES** the phrase used in the **Fourteenth Amendment** to the Constitution to describe the rights that citizens of the United States have by virtue of their citizenship. These rights derive from the establishment and existence of the federal government and thus were assumed to exist prior to the enactment of the Fourteenth Amendment. That provision makes it clear that the federal government may protect such rights from state as well as individual denials. Privileges and immunities include the right to travel, 73 U.S. (6 Wall.) 35; the right to vote in federal elections, 313 U.S. 299; the right to assemble to petition federal officers and to discuss national legislation, 92 U.S. 542; and any other personal right arising out of

federal statutes, 83 U.S. (16 Wall.) 36; 112 U.S. 76. Such rights are to be distinguished from those that exist regardless of the existence of the federal government, such as the right to assembly or of jury trial. 92 U.S. 542; 92 U.S. 90; 176 U.S. 581. See generally, Antieau, Modern Constitutional Law §§9:8, 9:9 (1969).

**PRIVITY** a relationship between parties out of which there arises some mutuality of interest. 443 P. 2d 39, 43.

In the law of judgments, the doctrine of **res judicata** is said to apply not only to one who was a party to the **litigation,** but also to those "in privity" with him, since their mutual or subsequently acquired interests can be considered so related to the interest of the actual party litigant that it is proper to hold them bound by the judgment as well. 200 N.W. 2d 45, 47. Privity in this context is said to exist, and to invoke res judicata, especially where a party has, subsequent to the rendition of the judgment, acquired an interest in the subject matter affected by the judgment, 289 N.E. 2d 788, 793, or where one not a named party to an action controls it, or where one has his interest protected by a party to an action (e.g., in **class actions**). Green, Civil Procedure 241 (2d ed. 1979).

HORIZONTAL PRIVITY the privity of estate that exists between the covenantor and covenantee. Horizontal privity is satisfied anytime an estate is conveyed from one party to another, provided that the covenant is made at the time of the conveyance (and is contemporaneous with the transfer).

PRIVITY OF CONTRACT "the relationship that exists between two or more contracting parties. It is essential to the maintenance of an **action** on any contract that there should subsist a privity between the plaintiff and defendant in respect to the mat-

ter sued on." 47 A. 929, 935. This requirement has been abrogated in the area of **products liability.** See U.C.C. §2-318; Prosser & Keeton, Torts §§96, 100 (5th ed. 1984).

PRIVITY OF ESTATE denotes mutual or successive relation to the same right in property. "A privy in estate is one who derives from another **title** to property, by contract (grant, **will,** or other voluntary transfer of possession), or law (**descent,** judgment, etc.)." 60 S.E. 404, 405.

VERTICAL PRIVITY the privity of estate that exists between the covenantor and his successor in interest who acquires the property subject to the covenant. In most states, both vertical and horizontal privity must be present before a covenant can **run with the land at law,** although some states relax the horizontal privity requirement and only demand vertical privity.

**PRIVY** persons connected with one another, or having mutual interests in the same action or thing, by some relation other than that of actual **contract** between them. 274 N.Y.S. 875. See **privity.**

**PROBABLE CAUSE** a requisite element of a valid **search and seizure** or **arrest,** consisting of the existence of facts and circumstances within one's knowledge and of which one has reasonably trustworthy information, sufficient in themselves to warrant a person of reasonable caution to believe that a crime has been committed [in the context of an arrest] or that property subject to seizure is at a designated location [in the context of a **search and seizure**]. See 267 U.S. 132. The issue of whether probable cause to search exists must be determined on the basis of the independent judgment of a "detached magistrate"; it must be based

# EXHIBIT "HH"

*Restatement of the Law, Second, Torts, § 402*

§ **402A** Special Liability of Seller of Product for Physical Harm to User or Consumer

**(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if**

**(a) the seller is engaged in the business of selling such a product, and**

**(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.**
**(2) The rule stated in Subsection (1) applies although**

**(a) the seller has exercised all possible care in the preparation and sale of his product, and**

**(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.**

**CAVEAT:  Caveat:**

The Institute expresses no opinion as to whether the rules stated in this Section may not apply

(1) to harm to persons other than users or consumers;

(2) to the seller of a product expected to be processed or otherwise substantially changed before it reaches the user or consumer; or

(3) to the seller of a component part of a product to be assembled.

# EXHIBIT "II"

*U.C.C. § 2-313*

§ 2-**313.** Express Warranties by Affirmation, Promise, Description, Sample.

(1) Express warranties by the seller are created as follows:

(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

(c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

(2) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.

# EXHIBIT "JJ"

*U.C.C. § 2-314*

SECTION **2-314.** IMPLIED WARRANTY: MERCHANTABILITY; USAGE OF TRADE

(1) Unless excluded or modified (Section 2--316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.

(2) Goods to be merchantable must be at least such as:

(a) pass without objection in the trade under the contract description;

(b) in the case of fungible goods, are of fair average quality within the description;

(c) are fit for the ordinary purposes for which goods of that description are used;

(d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved;

(e) are adequately contained, packaged, and labeled as the agreement may require; and

(f) conform to the promise or affirmations of fact made on the container or label if any.

(3) Unless excluded or modified (Section 2--316) other implied warranties may arise from course of dealing or usage of trade.