**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **IN RE AQUA DOTS PRODUCTS LIABILITY LITIGATION** | Case No. 08 CV 2364<br><br>THE HONORABLE DAVID H. COAR<br>MAGISTRATE JUDGE SUSAN E. COX |

**WAL-MART STORES EAST, LP AND TOYS "R" US-DELAWARE, INC.'S
MOTION TO DISMISS PLAINTIFFS'
CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
<u>AND NOTICE OF JOINDER IN THE RULE 12 MOTION OF DEFENDANTS</u>**

Defendants Wal-Mart Stores East, LP ("Wal-Mart") and Toys "R" Us-Delaware, Inc. ("Toys "R" Us) hereby move under Rule 12 of the Federal Rules of Civil Procedure for an order dismissing Plaintiffs' claims against them in their entirety, and hereby join in the Rule 12 Motion and Supporting Memorandum filed by Defendants Spin Master Ltd., Spin Master, Inc., and Target Corporation, and in support thereof, state as follows:

1. This MDL proceeding started with nine separate class action complaints. Plaintiffs in those cases combined their claims into a single Consolidated Amended Class Action Complaint (the "Consolidated Complaint") brought by twelve individual Plaintiffs. The Consolidated Complaint sets forth nine separate causes of action, one under the Consumer Product Safety Act and eight under state statutory and common law.

2. On June 27, 2008, Spin Master Ltd., Spin Master, Inc., and Target Corporation filed their Motion to Dismiss ("Motion") the Consolidated Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

3. Wal-Mart and Toys "R" Us were first named in this case in the Consolidated Complaint, filed on May 30, and no response was due from them at that time.

4. To best serve justice and avoid unnecessary or duplicative effort, time, or expense

to the Court and the parties involved, Wal-Mart and Toys "R" Us now adopt and join in the Motion in its entirety, including any and all contents, statements, and arguments therein, and in the Supporting Memorandum.

5. For the reasons set forth in the Motion and Supporting Memorandum, Plaintiffs have failed to state a claim upon which relief can be granted under each of these causes of action, and the Consolidated Complaint should be dismissed in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). Further, Plaintiffs lack standing to bring this action, and this Court should dismiss it pursuant to Federal Rule of Civil Procedure 12(b)(1).

6. Plaintiffs do not allege that they attempted to return their Aqua Dots products or ever gave notice to Wal-Mart or Toys "R" Us that they had a problem with their Aqua Dots purchase, nor did any of them suffer any personal injury. Plaintiffs' claims fail due to the lack of cognizable injury and for failure to provide notice.

7. The Consolidated Complaint does not contain a single allegation that Wal-Mart or Toys "R" Us (together with Target Corporation, collectively the "Retailer Defendants") were aware of any safety issues with Aqua Dots prior to the November 7, 2007 voluntary recall. Plaintiffs' vague allegations about generalized notice by virtue of other recalls of toys manufactured in China are insufficient to confer notice upon the Retailer Defendants. *See* ¶ 71.

8. Further, although Plaintiffs claim that "Defendants, including Wal-Mart failed to adequately test for 1, 4 butanediol despite decades of reports of poisoning events from consumer products containing toxic diols," the article cited in support thereof contains no mention of Wal-Mart or other Retailer Defendants nor does it suggest that the Retailer Defendants had any awareness of these "decades of reports," let alone of safety issues specific to Aqua Dots. *See* ¶ 68, n. 40-41.

9. The Consolidated Complaint does not set forth a single misrepresentation attributed to Retailer Defendants, including Wal-Mart and Toys "R" Us.

10. The only representations attributed specifically to Wal-Mart and Toys "R" Us are a series of statements about general safety information currently available on their websites. ¶ 83-84. Yet the Consolidated Complaint contains no allegation that these representations are false, let alone deceptive or misleading.[1] Further, no Plaintiff alleges that he or she saw, heard, read or were otherwise aware of any of the general safety information at the time they purchased or received Aqua Dots (which are not mentioned in the representations cited by Plaintiffs). Moreover, as explained in the Motion and Memorandum, these vague and general statements cannot be relied upon as a matter of law.

11. Plaintiffs' allegation that the "Retailer Defendants have adopted, and are responsible for, the representations Manufacturer Defendants made on their packaging regarding the safety and age appropriateness of the toys," by placing them on their shelves is without merit. ¶ 81. Plaintiffs' "co-conspirator" and "agency" allegations similarly fail. Plaintiffs have set forth no facts establishing an agency relationship or the existence of any "co-conspiracy" in this case.

12. Plaintiff Walker, a Kentucky resident, has failed to state a claim under the Kentucky Consumer Protection Act ("KCPA"), KY. REV. STAT. ANN. § 367.170(1), for reasons in addition to those set forth in the Motion and Memorandum. The KCPA "requires some evidence of 'unfair, false, misleading or deceptive acts' and does not apply to simple

---

[1] A portion of the same Toys "R" Us website Plaintiffs did not cite describes its liberal refund policy. Customers with a receipt may return a recalled product for "an immediate refund in the form of cash, credit or store credit based on the tender used in the original transaction." *See* Toys "R" Us Safety FAQs, Product Recall Questions, *available at*: http://www5.toysrus.com/safety/safetyFAQs.cfm#prq. Customers without a receipt, including those consumers who purchased a recalled product from *another* retailer, can return a recalled product to Toys "R" Us for a store credit under its "no quibble" policy. *Id.*

3

incompetent performance of contractual duties unless some element of intentional or grossly negligent conduct is also present." *Capitol Cadillac Olds, Inc. v. Roberts*, 813 S.W.2d 287, 291 (Ky. 1991). Further, the allegations must "show substantial wrongs committed against a clearly protected interest and rights." *Id.* In this case, Walker has failed to demonstrate any wrongs, let alone "substantial wrongs," by Wal-Mart, or any other Defendant, in the sale of the Aqua Dots she purchased. Moreover, even if statements on its website did constitute misrepresentations, they are not actionable under the KCPA absent an allegation that they were communicated to her. *See Anderson v. Merck & Co. Inc.*, 417 F.Supp.2d 842, 848-49 (E.D. Ky. 2006) (KCPA claim failed on privity grounds and proposed amended complaint fails absent an allegation that "alleged misrepresentations were ever communicated to Plaintiffs"). The Consolidated Complaint contains no such allegations and, accordingly, Walker's KCPA claim fails.

WHEREFORE, for the reasons set forth above and in SPIN MASTER LTD., SPIN MASTER, INC. AND TARGET CORPORATION'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT AND SUPPORTING MEMORANDUM, Defendants Wal-Mart and Toys "R" Us hereby ask this Court to dismiss all claims in the Consolidated Complaint.

Dated: July 3, 2008

        Respectfully submitted,

        WAL-MART STORES EAST, LP and
        TOYS "R" US-DELAWARE, INC.

        By: /s/ Thomas J. Wiegand
           One of their attorneys

        Ronald Y. Rothstein
        Thomas J. Wiegand
        Bryna J. Dahlin
        Joanna E. Clarke-Sayer
        twiegand@winston.com

WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone (312) 558-5600
Facsimile (312) 558-5700

5

## CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on July 3, 2008, I filed the above and foregoing with the Court's ECF system and by doing so served a copy on all the parties.

    /s/ Thomas J. Wiegand
ATTORNEY FOR WAL-MART STORES EAST,
LP AND TOYS "R" US-DELAWARE, INC.